Argued and submitted March 27, affirmed November 8, 1989

## STATE OF OREGON,
*Respondent,*

*v.*

## ROBERT CRAIG WESTBY, JR.,
*Appellant.*

(M959102; CA A49712)

781 P2d 1270

David William Knofler, Portland, argued the cause and filed the brief for appellant.

Brenda J Peterson, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Rives Kistler, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Newman and Graber, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals his conviction for failing to perform the duties of a driver involved in a vehicle accident. ORS 811.700. He pleaded no contest; the court found him guilty, suspended imposition of sentence and placed him on one year probation. He challenges a condition of probation that requires him to pay $250 for the cost of his court-appointed attorney.[1] We affirm.

A court has authority to assess certain costs and fees to be paid as a condition of probation, including reimbursement to the state for court-appointed attorney fees. ORS 137.540(1)(k); ORS 161.675(2); *State v. Flynn,* 89 Or App 47, 747 P2d 376 (1987).[2] Defendant's only contention is that the *amount* of the assessment is incorrect. He argues that he should only be required to pay $90, based on three hours of work performed by his counsel, multiplied by the $30 per hour rate for appointed counsel. ORS 151.430(5).

When the court imposed the condition, it asked defense counsel how much the state would have to pay for defendant's legal representation under the attorney's contract with the state. Counsel calculated the cost as $250. That is the only evidence in the record regarding what the state would be required to pay defendant's counsel. Defendant's calculation is not supported by the record.

Affirmed.

---

[1] We review the condition of probation under ORS 138.040. *State v. Donovan,* 307 Or 461, 770 P2d 581 (1989).

[2] Both parties point to ORS 161.665(1) as the authority for imposing the condition. However, that only allows a court to require repayment of court-appointed attorney fees as part of a "sentence." Because the court placed defendant on probation, no sentence was imposed. *See State v. Carmickle,* 307 Or 1, 762 P2d 290 (1988).