Argued and submitted July 26, affirmed October 9, reconsideration denied November 27, 1991, petition for review denied January 21, 1992 (312 Or 588)

# STATE OF OREGON,
## *Respondent,*

### *v.*

# JOHN QUENTIN MUNRO,
## *Appellant.*

## (89C-22108; CA A64508)

818 P2d 971

George E. Price, Salem, argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant pled guilty to burglary. ORS 164.225. He challenges the sentence imposed under the sentencing guidelines. ORS 137.010(1); OAR 253-04-001. We affirm.

The issue in the trial court was the correct computation of defendant's criminal history. OAR 253-04-006. The parties agreed that defendant had four prior "non-person" felony convictions. Defendant argued that, for purposes of the criminal history, two of those convictions should be "merged." The trial court determined that the convictions should be counted separately. It then calculated the presumptive sentence according to the sentencing guidelines grid with the higher criminal history of E, which has a presumptive prison sentence, instead of F, with a presumption of probation. Defendant assigns as error the court's refusal to merge the convictions.

■ The threshold issue is whether we may review the claimed error. We have jurisdiction of the appeal under ORS 138.222(7), but review of an appeal from a sentence is not unlimited. In general, we may not review a presumptive sentence. ORS 138.222 provides, in part:

"(1) Notwithstanding the provisions of ORS * * * 138.050, a sentence imposed [pursuant to the guidelines] may be reviewed only as provided by this section.

"(2) On appeal from a judgment of conviction entered for a felony committed on or after November 1, 1989, the appellate court shall not review:

"(a) Any sentence that is within the presumptive sentence prescribed by the rules of the State Sentencing Guidelines Board.

"* * * * *

"(e) Except as authorized in subsections (3) [relating to departure sentences] and (4) of this section, any other issue related to sentencing."

Review is further limited by ORS 137.079(4)(f):

"Except as provided in ORS 138.222, the court's decision on issues relating to a defendant's criminal history shall not be reviewable on appeal."

However, ORS 138.222(4) provides:

> "In any appeal, the appellate court may review a claim that:
>
> "* * * * *
>
> "(b) The sentencing court erred in ranking the crime seriousness classification of the current crime or in determining the appropriate classification of a prior conviction or juvenile adjudication for criminal history purposes."

The state argues that ORS 137.079(4)(f) and ORS 138.222(2)(e) together support the interpretation that the scope of review under ORS 138.222(4)(b) is narrow and prohibits any challenges beyond those related to either the establishment or the classification of prior convictions.[1] It contends that, because defendant does not contest either the existence of his prior convictions or their classification, there is no issue within our scope of review.

■ The difficulty with the state's position is that a challenge to the number of concurrent prior convictions *is* a challenge to their classification. Although the rules do not define "classification," it is clear that the term refers to the crime seriousness scale and criminal history scale that make up the sentencing guidelines grid. OAR 253-04-001. OAR 253-04-006(3) makes the number of multiple sentences a component of the criminal history. It provides:

> "When multiple sentences in a prior single judicial proceeding are imposed concurrently, the defendant shall be considered to have one conviction *for criminal history purposes* and the crime of conviction having the highest crime

---

[1] As support, the state quotes the commentary by the Oregon Criminal Justice Council to ORS 132.222(4)(b):

"[O]ne must assume that the new language in ORS 137.079 relates to issues related to the existence or non-existence of a prior conviction. From this perspective, subsection (4) of the new appellate review statute would apply only after the sentencing judge has determined that a prior conviction exists. Once the sentencing judge has determined that the prior conviction exists, the judge's classification of the conviction (*i.e.*, person/non-person [felony], adult conviction/juvenile adjudication) may be challenged as provided by subsection (4) of the new appellate review statute." *Sentencing Guidelines Implementation Manual* 163 (September, 1989).

However, the record of the Council's deliberations also shows that it sought to include language that would allow appellate review if a defendant was sentenced erroneously on the basis of an improper criminal history classification. *See* Minutes, Criminal Justice Council, February 17, 1989.

seriousness ranking shall be counted in the offender's criminal history. All other convictions, whether sentenced consecutively or concurrently, shall be counted separately in the offender's criminal history." (Emphasis supplied.)[2]

A claim of error that the number of concurrent sentences has been miscounted is a claim relating to the classification of a prior conviction *for criminal history purposes*. It is within the scope of review under ORS 138.222(4)(b).

The convictions at issue are:

| Crime | Date Committed | Sentencing | Disposition |
|---|---|---|---|
| Burglary II | July 14-15, 1985 | March 20, 1986 | Probation |
| UUV | Jan. 5, 1986 | March 20, 1986 | Prison/6 mo. |
| Forgery I | Jan. 16, 1987 | Feb. 8, 1988 | Prison/5 yrs |
| Burglary I | Sept. 10, 1987 | Feb. 11, 1988 | Probation.[3] |

OAR 253-03-001(18) defines "single judicial proceeding" as

"one or more proceedings linked in time with respect to a single defendant convicted of multiple crimes which are:

"(a)  Of the same or similar character;

"(b)  Based on the same act or transaction; or

"(c)  Based on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

■     Defendant argues that his convictions are for "two sets" of crimes that should be considered as a single judicial proceeding: the burglary and unauthorized use of a vehicle (proceeding A) and the second burglary and the forgery

---

[2] The state points out the difficulty in the language of the rule:

"Throughout the guidelines, and particularly in this rule, the drafters have adopted an odd verb/adverb construction when discussing consecutive sentences. On its face, the rule appears to be concerned with whether the sentences have been *imposed* concurrently or consecutively, which suggests that the rule is concerned with the timing with which the actually [*sic*] sentencing took place and not with the nature of the sentences thus imposed. From the context of the rule and from the accompanying commentary, however, it appears that the rule actually is concerned with whether the imposed sentences are to be *served* concurrently or consecutively. It is unclear why the drafters have adopted such an incongruous [*sic*] phrasing of the concept." (Emphasis in original.)

We assume, as does the state, that the rule is concerned with the nature of the sentences imposed and not with the timing of their imposition.

[3] The sentence imposed and executed on the UUV conviction had expired when defendant was sentenced on the forgery conviction.

(proceeding B). His position is that proceeding A is a single proceeding, because both crimes are similar in that they are "against property" and are part of a common scheme of "simple lawlessness." Although the crimes were committed six months apart, he notes that the commentary to the rules shows that separation by time is not the most critical element in determining what constitutes a single judicial proceeding.[4] He contends that proceeding B also constitutes a single proceeding, because the sentencing proceedings were only three days apart and occurred in the same court.

We agree with the state that the prior convictions are not multiple sentences imposed concurrently and that, therefore, OAR 253-04-006(3) is inapplicable. Defendant's argument is based on the premise that the probation dispositions were to be served "concurrently" with the sentences. However, OAR 253-04-006(3) applies to "sentences," and probation is not a sentence. *State v. Carmickle,* 307 Or 1, 7, 762 P2d 290 (1988); *State v. Vasby,* 101 Or App 1, 4, 788 P2d 1024 (1990); *State v. Westby,* 99 Or App 371, 372 n 2, 781 P2d 1270 (1989). In classifying pre-guideline dispositions, the guidelines did not change the definition of sentence to include an order of probation. There were no concurrent sentences imposed on defendant's prior convictions, and the court here did not err in refusing to "merge" them.

Defendant could be in the anomalous position of having the favorable pre-guidelines dispositions of probation now prevent him from receiving a lower criminal history classification. That, however, is a legislative choice that we cannot change. Nevertheless, in this instance, defendant would fare no better on the merits. Despite the fact that the sentencing for his 1985 burglary charge and 1986 UUV charge took place in a consolidated proceeding, there is no

---

[4] "The following [example] may help illustrate the meaning of 'single judicial proceeding':

"1. An offender commits three burglaries in Lane County within a two-month period. He is arrested and prosecuted for each burglary in a single case. If upon conviction on all three charges the sentencing judge imposes three ten-year prison terms concurrently, OAR 253-04-006(3) should be applied to count only one of the burglary convictions for criminal history purposes. This result should apply even if more than one judge is involved in the sentencing decisions." *Sentencing Guidelines Implementation Manual* 52.

evidence that the charges arose as part of the same act or transaction or were part of a common scheme. His claim that the crimes in proceeding A are connected by "simple lawlessness" would lead to the absurd result that *all* prior convictions of any defendant could be held to be part of a "single judicial proceeding." We reject that construction.

The crimes that constitute proceeding B also do not meet the requirements of a single judicial proceeding. The proceedings were not consolidated and, although the definition of a "single judicial proceeding" does not require that there have been a consolidated hearing, the crimes must arise out of "some common scheme or plan." OAR 253-03-001(18). There is no evidence of that relationship here. The convictions do not come within the provisions of OAR 253-04-006(3).

Affirmed.