Argued and submitted July 24, affirmed December 11, 1991

STATE OF OREGON,
*Respondent,*

*v.*

EDWARD JAMES FERN,
*Appellant.*

(90C-20074; CA A64905)

822 P2d 1210

Sally L. Avera, Public Defender, Salem, argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Jas. Adams, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant pled no contest to a charge of assault. ORS 163.175. He appeals and challenges the sentence. We affirm.

■ Defendant first assigns error to the trial court's alleged failure to allow him his right of allocution at his sentencing hearing. Or Const, Art I, § 11. He relies on *DeAngelo v. Schiedler*, 306 Or 91, 757 P2d 1355 (1988), in which the trial court had refused to hear the defendant when she tried to speak at her sentencing. The Supreme Court held that the Oregon Constitution gives a defendant the right to be heard at sentencing and that that right had been violated by the trial court's action. However, it did not hold that a defendant may claim a denial of the right to speak without having objected in the sentencing court. To the contrary, it noted that "[the defendant] should have attempted to make an 'offer of proof' of what she was going to say to the court," 306 Or at 98, although, under the circumstances of that case, the court concluded that an offer of proof would have been futile.

Review of a claim that a sentencing court failed to follow a constitutional mandate in imposing the sentence is subject to review under ORS 138.222(4)(a). *State v. Munro*, 109 Or App 188, 818 P2d 971 (1991); *State v. Cook*, 108 Or App 576, 816 P2d 697 (1991). However, ORS 138.222 did not change the fundamental requirement that a defendant preserve a claim of error. *State v. Orsi/Gauthier*, 108 Or App 176, 813 P2d 82 (1991).[1] There is nothing in the record to indicate, in any way, that defendant wished to speak or was prevented from doing so. There is no error that we may review.

■ Defendant was sentenced within the presumptive range and he assigns error to the trial court's failure to impose a downward departure sentence.[2] *See* ORS 137.010; OAR 253-08-001. The scope of review of a sentence imposed under the sentencing guidelines is defined in ORS 138.222.

---

[1] There is no error "apparent on the face of the record." Defendant's failure to speak at sentencing, without more, does not show that defendant was denied the right to speak. ORAP 5.45(2).

[2] At the sentencing hearing, witnesses testified and defendant's counsel presented arguments in support of mitigation.

We have no authority to review the court's decision not to impose a departure sentence. *State v. Cook, supra.*

Affirmed.