Argued and submitted November 21, 1991, affirmed February 12, reconsideration denied April 1, petition for review denied April 28, 1992 (313 Or 211)

# STATE OF OREGON,
*Respondent,*

*v.*

# LARRY JOHN SCHNOOR,
*Appellant.*

(C9007-34040; CA A67529)

826 P2d 88

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Michael M. Pacheco, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant was convicted of manslaughter in the first degree, ORS 163.118, and sentenced to 111 months in the penitentiary under grid block 10 C of the sentencing guidelines. He argues on appeal that the sentencing court erred in treating his prior convictions for burglary and unauthorized use of a motor vehicle as two convictions instead of a single conviction for purposes of determining his criminal history scale. OAR 253-04-006(3) provides that multiple sentences imposed concurrently in a single judicial proceeding are considered as one conviction. A single prior conviction would have resulted in defendant's placement in grid block D with a presumptive sentence of 91-110 months incarceration.

Defendant's prior convictions were in Washington County. The crimes were committed within three and one-half months of each other, and the concurrent sentences were imposed by the same judge. OAR 253-03-001(18) defines "single judicial proceeding" as

"one or more proceedings linked in time with respect to a single defendant convicted of multiple crimes which are:

"(a) Of the same or similar character;

"(b) Based on the same act or transaction; or

"(c) Based on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

Defendant contends that the convictions were of the same or similar character, because both crimes were theft offenses committed while he was intoxicated and were opportunistic crimes. The requirement in OAR 253-04-006(3) that multiple sentences "imposed concurrently" in a prior single proceeding be considered "one conviction" is an attempt to consolidate

"crimes so chronologically related as to suggest that the offender's criminal activity represents an [sic] single behavioral pattern for sentencing purposes." Commentary, *Oregon Sentencing Guidelines Implementation Manual* 53 (1989).

That policy does not imply an objective of treating as "similar" crimes that are linked only by generalizations such as "opportunistic" or involving "intoxication." That could

result in virtually all prior crimes being seen as part of a single judicial proceeding. *See State v. Munro*, 109 Or App 188, 818 P2d 971 (1991), *rev den* 312 Or 588 (1992). Furthermore, the policy is not satisfied by defining as "similar" crimes that come within a broad category such as "theft." Even if burglary and unauthorized use of a motor vehicle include theft, they are not otherwise similar. Burglary in the first degree involves entry into a dwelling. ORS 164.225. Unauthorized use involves the use or taking of another's vehicle. ORS 164.135. The crimes do not show a single behavioral pattern.

There was no evidence that defendant's prior crimes were based on the same transaction or were part of a common scheme or plan. The burglary arose from his entry into his uncle's apartment; the unauthorized use arose after defendant drove away in a car that had been left running in front of a convenience store. The sentencing court did not err in treating the convictions separately.

Affirmed.