## STATE OF OREGON,
*Respondent,*

*v.*

## LEWIS ROBERT PERKINS,
*Appellant.*

(C 90-07-34342, C 90-08-34854;
CA A68547 (Control), A68548)

830 P2d 598

Sally L. Avera, Public Defender, Salem, argued the cause and filed the brief for appellant.

Michael M. Pacheco, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant challenges his sentences[1] imposed after he was convicted on two counts of tampering with a witness, ORS 162.285, and four counts of harassment. ORS 166.065. We affirm.

Defendant had two 1983 person felony convictions: sexual abuse and mistreatment. ORS 163.425; ORS 163.205. The trial court had imposed a sentence of five years on each conviction, the sentences to be served consecutively. It then suspended execution of the sentences and placed defendant on concurrent terms of probation. In 1984, his probation was revoked, and the previously imposed sentences were executed. The sentencing court counted the convictions separately for criminal history purposes, resulting in defendant's placement in grid block 6 B. If the convictions were counted as one, his grid block would be 6 D.

Defendant argues that, for criminal history purposes, the convictions should have been classified as arising from a "single judicial proceeding," OAR 253-03-001(18), and counted as only one prior felony. OAR 253-04-006(3) provides:

> "When multiple sentences in a prior single judicial proceeding are imposed concurrently, the defendant shall be considered to have one conviction for criminal history purposes and the crime of conviction having the highest crime seriousness ranking shall be counted in the offender's criminal history. All other convictions, whether sentenced consecutively or concurrently, shall be counted separately in the offender's criminal history."

Defendant contends that the convictions come within the rule: The convictions were on two counts within the same indictment. Sentencing occurred on the same day. The counts involved the same time and the same act and victim. They both involved the same type of criminal behavior, defendant's abuse of his daughter.

Defendant contends that the only bar to counting his convictions as one prior felony is whether the sentences were imposed concurrently. His position is that, although the court

---

[1] Defendant only challenges the sentences in case C90-08-34854.

initially imposed consecutive sentences, it suspended execution and placed him on concurrent terms of probation. He argues that that disposition qualifies as multiple sentences imposed concurrently.

■ Defendant acknowledges that, in *State v. Munro*, 109 Or App 188, 193, 818 P2d 971 (1991), *rev den* 312 Or 588 (1992), we stated that OAR 253-04-006(3) applies to "sentences" and that probation is not a sentence under that rule. 109 Or App at 193. He argues that, under that interpretation, the rule unconstitutionally denies privileges to certain criminal defendants and is cruel, unusual and disproportionate punishment. Defendant did not raise the constitutional issues at sentencing, and we will not address them for the first time on appeal.

■ *Munro* does not address defendant's situation. The dispositions of the defendant's convictions there were probation. The defendant did not argue that his sentences had been imposed and execution of sentence then suspended. That is what happened here. OAR 253-04-006(3) does not apply to defendant's prior convictions. The rule addresses multiple sentences *imposed* as concurrent. Defendant's sentences for sexual abuse and mistreatment were imposed as consecutive. The court did not err in counting them separately in determining defendant's criminal history.

Affirmed.