Argued and submitted May 5, reversed and remanded for resentencing
September 28, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## LA TRESE DANIELL ISOM,
*Appellant.*

9504-32409; A120028

120 P3d 912

Jesse Wm. Barton argued the cause and filed the briefs for appellant.

Kathleen Cegla, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Schuman, Presiding Judge, and Edmonds* and Wollheim, Judges.

SCHUMAN, P. J.

---

* Edmonds, J., *vice* Ceniceros, S. J.

## SCHUMAN, P. J.

Defendant was convicted on one count of attempted aggravated murder with a firearm, one count of assault in the first degree with a firearm, two counts of kidnapping in the first degree with a firearm, and one count of felon in possession of a firearm. She appeals from the sentence imposed in the second amended judgment of conviction and sentence. We remand for resentencing.

In its first judgment, entered in 1996, the trial court merged the kidnapping convictions, Counts 3 and 4, into the Count 1 attempted aggravated murder conviction and imposed a sentence of 220 months of incarceration plus 36 months of post-prison supervision. The court noted that it imposed the sentence under ORS 137.635. That statute provides that, for certain crimes, a convicted defendant must receive a determinate sentence. A defendant sentenced under ORS 137.635 is not eligible for temporary leave from custody or sentence reductions. The court also noted that, with respect to Count 1, defendant was found to be a dangerous offender under ORS 161.725. Having that status exposes defendant to a sentence that is longer than the presumptive sentence established by the sentencing guidelines, that is, to a sentence constituting an "upward departure."

On Count 2, assault in the first degree, the court imposed a sentence of 120 months of incarceration with 36 months of post-prison supervision, to run consecutively to the sentence for Count 1. On Count 5, felon in possession of a firearm, the court imposed a sentence of 6 months of incarceration with a post-prison supervision period of 24 months, again to run consecutively with Counts 1 and 2.

Defendant appealed and we affirmed without opinion. *State v. Isom*, 147 Or App 244, 936 P2d 405, *rev den*, 325 Or 621 (1997). Then, in October 2000, the Department of Corrections informed the parties and the court by letter of a sentencing error. As a result of that letter, and without objection by the parties, the trial court entered an amended judgment of conviction and sentence. That amended judgment echoed the original judgment, except that the notation that the sentence was imposed under ORS 137.635 was deleted

from the aggravated murder conviction, to which ORS 137.635 does not apply, and inserted in the assault conviction, to which it does.

The amended judgment resulted in a Count 1 sentence of 220 months of incarceration with 36 months of post-prison supervision, with a notation that defendant was a dangerous offender. That sentence, however, was also erroneous. For dangerous offenders, such as defendant, convicted of crimes committed on or after November 1, 1989, the court must impose both an indeterminate sentence of up to 30 years of incarceration and a mandatory minimum determinate sentence that the defendant must serve before he or she is eligible for parole. ORS 161.725; ORS 161.737. Thus, a correct sentence for a dangerous offender contains both a determinate mandatory minimum term of incarceration and an indeterminate maximum term, not to exceed 30 years. Shortly after the trial court issued the amended judgment, the Department of Corrections informed the parties and the court that the amended sentence imposed on Count 1 did not indicate whether the 220 months of incarceration plus 36 months of post-prison supervision was the mandatory determinate minimum or the indeterminate maximum.

To remedy that ambiguity, the court held another hearing. Defendant filed a motion contending, among other things, that the 220-month sentence violated her rights under *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), because it contained a durational enhancement based on facts that had not been found by a jury. The court rejected that argument and entered a second amended judgment of conviction and sentence, specifying that the sentence on Count 1 consisted of a determinate minimum term of 220 months of incarceration with 36 months of post-prison supervision, and an indeterminate maximum term of 30 years. Count 2 was unchanged at 120 months of incarceration with 36 months of post-prison supervision and the sentence for Count 5 remained 6 months of incarceration with 24 months of post-prison supervision. All sentences are to run consecutively.

The following table summarizes the preceding description.

| Crime | 1996 judgment | 2001 amended judgment | 2002 second amended judgment |
|---|---|---|---|
| Attempted Aggravated Murder (Count 1, merged with counts 2 and 3) | 220 months plus 36 months post-prison supervision (PPS), determinate under ORS 137.635, constituting a dangerous offender departure under ORS 161.725 | 220 months plus 36 months PPS, constituting dangerous offender departure under ORS 161.725 | 220 months plus 36 months PPS, dangerous offender determinate minimum, ORS 161.737; and 30 years indeterminate maximum, ORS 161.725. |
| Assault (Count 2) | 120 months plus 36 months PPS, including a durational departure | 120 months plus 36 months PPS, determinate under ORS 137.635 | no change |
| Felon in Possession (Count 5) | 6 months plus 24 months PPS, including a dispositional departure | no change | no change |

On appeal, defendant raises five assignments of error. First, she argues that the sentences on all three counts are unlawful because they contain departures based on facts not found by a jury, contrary to *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). Second, she argues that the court erred in imposing consecutive sentences on Counts 1 and 2. Third, she argues that, if we conclude that the sentences in Counts 1 and 2 are not unlawful and may run consecutively, that conclusion would result in imposition of a total sentence that violates the "400 percent rule" under the sentencing guidelines. Fourth, she argues that the court's imposition of post-prison supervision on all counts is unlawful. And fifth, she argues that the court erred in not permitting her to exercise her right of allocution at the second amended sentencing hearing.

Plaintiff did not preserve the claims of error she raises in her second and third assignments, nor are they apparent on the face of the record.[1] Even if they were plain

---

[1] Although defendant apparently raised the issue of consecutive sentences in her 1997 appeal, she did not raise it in *this* proceeding.

error, defendant does not offer any reason why we should exercise our discretion to review them, and we find none.

We begin our analysis, then, with the fourth assignment of error because it is easily resolved and it obviates the need to discuss the more complicated arguments presented in the first assignment. As explained above, a dangerous offender sentence consists of two parts: a determinate minimum term that a convicted defendant must serve before release to post-prison supervision, and an indeterminate maximum sentence that the defendant may be required to serve. ORS 161.725; ORS 161.737; *State v. Davis*, 315 Or 484, 494-95, 847 P2d 834 (1993); *State v. Coburn*, 146 Or App 653, 655-56, 934 P2d 579 (1997). Although a defendant sentenced under this scheme becomes eligible for release to post-prison supervision after serving the required determinate minimum term, whether a defendant will be released after that mandatory minimum period of incarceration is a discretionary decision. If a defendant is released on post-prison supervision prior to completion of the indeterminate maximum sentence imposed, the time remaining on the indeterminate sentence constitutes the upper limit of time on post-prison supervision. ORS 144.232(4).

Here, the court deemed Count 1 to be the "primary offense," which sets the period of post-prison supervision. OAR 213-012-0020(4)(a). Again, on Count 1, the court imposed a 220-month determinate minimum term of incarceration and a 30-year maximum indeterminate term, plus 36 months of post-prison supervision. Defendant argues, and the state concedes, that the sentence is erroneous. If, for example, defendant serves 28 years of the indeterminate sentence and, in addition, is required to serve the 36-month post-prison supervision term imposed here, a 31-year total sentence would result.

Defendant did not object to the sentence imposed in the second amended judgment; the error was brought to the court's attention by the Department of Corrections. However, defendant and the state agree that the sentencing error is "apparent on the face of the record." ORAP 5.45(1). As such, we may, and do, exercise our discretion to review it. As we stated in *State v. Gornick*, 196 Or App 397, 410, 102 P3d 734

(2004), *rev allowed*, 338 Or 583 (2005), "the state has no legitimate interest in requiring [defendant] to serve an unlawful sentence. Conversely, defendant has a significant liberty interest at stake."[2]

■    The state urges us to "remand for the specific, limited purpose of correcting" the particular error that defendant raises in this assignment. That we may not do. ORS 138.222(5) specifies, "If the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing." A term of post-prison supervision is part of a sentence and an erroneous post-prison supervision term is an error that requires "resentencing."

Because we must remand the entire case for resentencing, we need not address defendant's first assignment of error. The trial court, on remand, will have the opportunity to resentence defendant under the principles we have announced in our cases applying *Blakely* and *State v. Dilts*, 337 Or 645, 103 P3d 95 (2004).

■    In her remaining assignment of error, defendant argues that the trial court erroneously denied her the right to be heard at sentencing. The Supreme Court has held that such a "right of allocution" is guaranteed by Article I, section 11, of the Oregon Constitution. *DeAngelo v. Schiedler*, 306 Or 91, 94, 757 P2d 1355 (1988). The state responds that the right extends only to statements that might be relevant and, because the only issue before the sentencing court here was correction of a clerical error, nothing relevant could have been said in any event. We disagree with the state's characterization of the proceedings. The record does not convince us that the absence of a 30-year term on the document captioned "amended judgment of conviction and sentence" was a mere

---

[2] Furthermore, as we discuss below, the trial court at the second resentencing hearing refused to permit defendant personally to address the court. Although it is unlikely that she would have brought the erroneous post-prison supervision term to the court's attention, thereby raising the issue, that is at least a hypothetical possibility; her counsel asserts that she wished to make statements relevant to existing parole practices. If that were the case—a possibility we cannot negate on the record before us—her "failure" to raise the issue at the hearing cannot properly be used to preclude her from raising it now.

clerical or scrivener's error. But even if it was a clerical error, it does not follow that defendant had no right to be heard. That is so for two reasons. First, she was facing a situation in which her sentence of record was being increased from an apparent maximum of 220 months of incarceration plus 36 months of post-prison supervision, to a maximum term of 30 years. That is a significant increase, and it was one that she never had the opportunity to address at either of the prior sentencing hearings. Second, as it happened, in the process of correcting one error, be it clerical or nonclerical, the judge at the second resentencing hearing made another error, as the state concedes. That fact alone demonstrates that defendant could have made a relevant allocution.

Reversed and remanded for resentencing.