Argued and submitted May 31, conviction for second-degree kidnapping reversed; remanded for resentencing; otherwise affirmed July 11, petition for review denied December 12, 2007 (343 Or 555)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## MELVIN EUGENE CLABORN,
*Defendant-Appellant.*

Linn County Circuit Court
03010117; A127858

162 P3d 374

Jesse Wm. Barton argued the cause and filed the briefs for appellant.

Robert M. Atkinson, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Anna M. Joyce, Assistant Attorney General.

Before Haselton, Presiding Judge, and Edmonds and Armstrong, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of second-degree kidnapping, ORS 163.225, first-degree sexual abuse, ORS 163.427, and fourth-degree assault, ORS 163.160, after a jury trial.[1] The trial court imposed concurrent sentences on the convictions, for a total term of 75 months. On appeal, defendant raises numerous challenges to his convictions and sentences. We reject without discussion all of defendant's assignments of error except his challenge to the denial of a motion for a judgment of acquittal on his first-degree kidnapping conviction. As explained below, we reverse that conviction and remand the case for resentencing.

The convictions arose from an incident in which, during an altercation with the victim, defendant grabbed her, moved her six or seven feet across the room, pinned her against a wall, grabbed her breast, and threatened to kill her. Defendant moved for a judgment of acquittal on the kidnapping charge, arguing that the state's evidence that he had moved the victim six or seven feet across a room during the incident did not demonstrate an "intent to interfere substantially with [the victim's] personal liberty" within the meaning of ORS 163.225(1).[2] The trial court denied defendant's motion, and the jury subsequently convicted defendant of second-degree kidnapping.

On appeal, defendant asserts that, under *State v. Wolleat*, 338 Or 469, 111 P3d 1131 (2005), evidence that a defendant moves a victim short distances in the course of the commission of other crimes is insufficient, as a matter of law, to demonstrate the requisite intent to interfere with the victim's liberty. The state concedes the error. We find the state's concession to be well-founded and, consequently, accept it.

---

[1] The jury also found defendant guilty of third-degree sexual abuse, ORS 163.415, but the court merged that conviction with the conviction for first-degree sexual abuse before entering judgment.

[2] ORS 163.225 provides, in part:

"(1) A person commits the crime of kidnapping in the second degree if, with intent to interfere substantially with another's personal liberty, and without consent or legal authority, the person:

"(a) Takes the person from one place to another[.]"

*See id.* at 478 ("Moving a victim from one room to another while committing another crime does not constitute moving the victim a substantial distance. * * * In order to find defendant guilty of kidnapping, a reasonable juror would have to be able to infer that defendant intended either to move the victim a greater distance than he did or to transport her to a place of confinement."). *Cf. State v. Murray*, 340 Or 599, 606, 136 P3d 10 (2006) ("[E]ven if one were to find some sort of asportation [based on evidence that the defendant shoved the victim from driver's seat into passenger's seat during a carjacking], it was only 'incidental' * * * to defendant's theft of the car and, therefore, not the kind of conduct that the legislature intended to permit to serve as the basis for a separate kidnapping charge.").

Conviction for second-degree kidnapping reversed; remanded for resentencing; otherwise affirmed.