Argued and submitted September 2, remanded for resentencing;
otherwise affirmed September 29, 2010

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## MELVIN EUGENE CLABORN,
*Defendant-Appellant.*

Linn County Circuit Court
03010117; A139060

240 P3d 66

Jesse Wm. Barton argued the cause and filed the brief for appellant.

Karla Ferrall, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Judge.

SCHUMAN, P. J.

490

SCHUMAN, P. J.,

Defendant was tried to a jury and convicted of second-degree kidnapping, ORS 163.225; first-degree sexual abuse, ORS 163.427; fourth-degree assault, ORS 163.160; and third-degree sexual abuse, ORS 163.415. The third-degree sexual abuse conviction was merged with the first-degree sexual abuse conviction. On the kidnapping conviction, defendant was sentenced to 70 months' imprisonment and a three-year term of post-prison supervision (PPS). On the merged sexual abuse convictions, he was sentenced to 75 months' imprisonment and a 45-month term of PPS. On the assault conviction, he was sentenced to six months' incarceration. The court ordered that the sentences be served concurrently.

Defendant appealed. We reversed the kidnapping conviction and remanded for resentencing. *State v. Claborn,* 214 Or App 166, 162 P3d 374, *rev den,* 343 Or 555 (2007). On remand, defendant argued in a motion to arrest resentencing that, in resentencing him, the court should rule that Ballot Measure 11 (1994), under which defendant was sentenced in the first instance, is unconstitutional; that his convictions were unlawful because the verdicts were not rendered by a unanimous jury; and that the court should consider the limitations imposed by Article I, section 16, of the Oregon Constitution, which provides, in part, "Cruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense." The court, in its order, stated that it "declined to consider the defense motions and otherwise denied them," apparently under the impression, expressed in a letter to counsel, that the remand from this court allowed the trial court only "to delete that part of the prior [j]udgment which referred to" the kidnapping conviction.

In doing so, the court erred. This court's disposition in *Claborn* read: "Conviction for second-degree kidnapping reversed; remanded for resentencing; otherwise affirmed." *Id.* at 168. Under ORS 138.222(5)(a), "[i]f the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing,

the appellate court shall remand the entire case for resentencing." *See State v. Isom*, 201 Or App 687, 693, 120 P3d 912 (2005) (ORS 138.222(5) requires appellate court to remand entire case for resentencing).

We therefore remand once again. On remand, however, the sentencing court does not need to address the two issues that defendant raises in addition to the issue under Article I, section 16. The jury unanimity argument does not address a sentencing issue and, for that reason, was outside the scope of the remand "for resentencing." Further, the court need not consider defendant's argument that the sentence must not be based on Measure 11 because that measure was not enacted in compliance with Article XVII, section 1, of the Oregon Constitution, and is therefore invalid on its face. Although, technically speaking, the argument raises an issue that is relevant to sentencing, defendant's argument had been rejected at the time he made it and nothing has changed. *State v. Bowen*, 215 Or App 199, 168 P3d 1208 (2007), *modified on recons*, 220 Or App 380, 185 P3d 1129, *rev den*, 345 Or 415 (2008), *cert den*, ___ US ___ , 130 S Ct 52 (2009). The sentencing court, therefore, has nothing to consider on that issue. Defendant's argument under Article I, section 16, on the other hand, requires consideration in the first instance under *State v. Rodriguez / Buck*, 347 Or 46, 217 P3d 659 (2009). In that case, the Supreme Court held that, in some circumstances, a sentence can be so disproportionate to the offense as to shock the moral sense of reasonable people and, for that reason, violate Article I, section 16. *Id.* at 78. Defendant on remand is entitled to argue to the court that this case presents such circumstances.[1]

Remanded for resentencing; otherwise affirmed.

---

[1] We neither express nor imply the outcome of the sentencing court's consideration.