Submitted March 23; in Case Nos. 19CR34942 and 19CR61978, remanded for resentencing, otherwise affirmed April 27; petition for review denied July 28, 2022 (370 Or 197)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BENITO JUAREZ-HERNANDEZ,
*Defendant-Appellant.*

Washington County Circuit Court
19CR34942, 19CR61978;
A174351 (Control), A174352

510 P3d 981

Theodore E. Sims, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Mooney, Presiding Judge, and Lagesen, Chief Judge, and Kistler, Senior Judge.

PER CURIAM

In Case Nos. 19CR34942 and 19CR61978, remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant appeals judgments of conviction in these two consolidated cases. In Case No. 19CR34942, he was convicted based on unanimous jury verdicts on four counts of first-degree sodomy, ORS 163.405, six counts of first-degree sexual abuse, ORS 163.427, and one count of unlawful sexual penetration, ORS 163.411. In Case No. 19CR61978, he was convicted based on unanimous jury verdicts on two counts of using a child in a display of sexually explicit conduct, ORS 163.670, and four counts of first-degree sexual abuse. As explained below, we reject defendant's challenges to his convictions, but remand for resentencing.

Defendant first argues on appeal that the trial court erroneously instructed the jury that it needed to be unanimous as to not-guilty verdicts as well as guilty verdicts. Although defendant is correct that that was error, *see State v. Ross*, 367 Or 560, 481 P3d 1286 (2021), we reject defendant's argument that it is reversible error. *See State v. Martineau*, 317 Or App 590, 592-94, 505 P3d 1094 (2022) (concluding this type of error is harmless in light of unanimous guilty verdicts). Defendant next argues that various out-of-court statements of child victims should not have been admissible under OEC 803(18a)(b), because the victims had reached adulthood by the time of trial. We rejected the same argument in *State v. Juarez-Hernandez*, 316 Or App 741, 746-54, 503 P3d 487 (2022), and do so for the same reasons here. We reject defendant's remaining challenges to his convictions in both cases without discussion.

Defendant also argues that the trial court erred in imposing sentence in Case No. 19CR61978 because, after stating that the sentence on one of the counts of first-degree sexual abuse would be concurrent with the sentence on one of the counts of using a child in a display of sexually explicit conduct, it imposed those sentences consecutively. The state agrees that that was erroneous and suggests that the court likely meant for the consecutive sentence to apply to another count. Although defendant suggests that the remedy here is to remand Case No. 19CR61978 with an instruction to make the challenged sentences concurrent, the state correctly notes that, in this circumstance, where charges were

consolidated for trial and sentencing as well as on appeal, our practice is to remand the consolidated cases for resentencing. *State v. Sheikh-Nur*, 285 Or App 529, 398 P3d 472, *rev den*, 361 Or 881 (2017).

In Case Nos. 19CR34942 and 19CR61978, remanded for resentencing; otherwise affirmed.