***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted May 9, affirmed June 7, petition for review denied
September 14, 2023 (371 Or 333)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RYAN SCOTT KEANAAINA,
*Defendant-Appellant.*

Washington County Circuit Court
18CR68180; A176752

Janelle F. Wipper, Judge.

Marc D. Brown, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Joanna Hershey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Defendant was convicted of 12 sexual offenses committed against three children, B, M, and C. On appeal, he raises six assignments of error. The first two assignments of error relate to the admission of hearsay statements under OEC 803(18a)(b) from B and M, who were minors when they made the statements but who both were over age 18 when they testified at trial. The third, fourth, and fifth assignments of error challenge the trial court's denial of defendant's motions to sever trial of individual counts of sexual misconduct. The sixth assignment of error concerns the trial court's denial of defendant's motion for a mistrial. For the reasons set forth below, we affirm.

Regarding his first two assignments of error, defendant argues that the statements of B and M were not admissible because, while OEC 803(18a)(b) creates an exception from OEC 802's exclusion of hearsay for hearsay statements made by a "child declarant" concerning an act of abuse, that exception does not apply when the trial takes place after the child becomes an adult. In essence, defendant is arguing that, as a matter of law, because B and M are no longer children, their out of court hearsay statements, made when they were children, are no longer admissible.

Defendant acknowledges that his position is contrary to *State v. Juarez-Hernandez*, 316 Or App 741, 503 P3d 487, *rev den*, 369 Or 856 (2022) and *State v. Juarez-Hernandez*, 319 Or App 423, 510 P3d 981, *rev den*, 370 Or 197 (2022). We adhere to those opinions, and they resolve the issues raised by defendant's first two assignments of error.

Regarding his third through fifth assignments of error, defendant argues that the trial court committed legal error in denying his motion to sever the trials concerning each victim. Defendant contends that the evidence concerning B would not have been cross-admissible in the trial concerning C and M, because it would have constituted "propensity evidence," and that OEC 404(3) prohibits the admission of other acts evidence to prove a defendant's character or

propensity to commit the charged crime. Those assignments of error hinge on an application of ORS 132.560.[1]

ORS 132.560 provides for the circumstances under which multiple charges "may or are required to be tried together and, conversely, when they may or must be tried separately." *State v. Dewhitt*, 276 Or App 373, 379, 368 P3d 27, *rev den*, 359 Or 667 (2016). ORS 132.560 allows multiple offenses to be charged and tried together if they meet the criteria for joiner described in ORS 132.560(1)(b), unless joinder of the offenses would result in substantial prejudice to the defendant. If there is substantial prejudice, then the trial court must sever the offenses. *State v. Delaney*, 370 Or 554, 556, 522 P3d 855 (2022). Here, defendant does not challenge the trial court's initial joinder decision but does argue that substantial prejudice exists, and that the charges should have been severed, because the evidence related to the incidents with B would have been excluded from the trial on the charges related to C and M and, conversely, the evidence related to C and M would have been excluded from the trial on the charges related to B.

Notably, the possibility of prejudice exists, "at least in the abstract, in virtually every situation in which charges are joined for trial." *Dewhitt*, 276 Or App at 386. "Accordingly, a defendant must identify a 'case-specific' circumstance that impairs his or her right to a fair trial in such a way that a danger of substantial prejudice cannot

---

[1] ORS 132.560 provides that, in relevant part:

"(1) A charging instrument must charge but one offense, and in one form only, except that:

"* * * * *

"(b) Two or more offenses may be charged in the same charging instrument in a separate count for each offense if the offenses charged are alleged to have been committed by the same persons and are:

"(A) Of the same or similar character;

"* * * * *

"(2) If two or more charging instruments are found in circumstances described in subsection (1)(b) of this section, the court may order them to be consolidated.

"(3) If it appears, upon motion, that the state or defendant is substantially prejudiced by a joinder of offenses under subsection (1) or (2) of this section, the court may order an election or separate trials of counts or provide whatever other relief justice requires."

be mitigated in other ways." *Id*. at 387. Therefore, a defendant has the burden of showing more than mere general prejudice resulting from trying the charges together; rather, the defendant has to show *substantial prejudice*. *State v. Beauvais*, 261 Or App 837, 850, 322 P3d 1116 (2014), *aff'd*, 357 Or 524, 354 P3d 680 (2015). We have described two circumstances under which a defendant fails to prove that a joint trial will result in substantial prejudice—when the evidence pertaining to various charges would be mutually admissible in separate trials, and when the evidence "is sufficiently simple and distinct to mitigate the dangers created by joinder." *State v. Luers*, 211 Or App 34, 43-44, 153 P3d 688, *adh'd to as modified on recons*, 213 Or App 389, 160 P3d 1013 (2007).

Here, even assuming that the evidence pertaining to the different victims would not have been cross-admissible in separate proceedings, we conclude that any prejudice in trying the charges together was not substantial. The prosecutor outlined the distinction of each incident, the simplicity of the facts, and the differences between each of the victims. We agree that those distinctions show separateness in time and place with discrete events that were uncomplicated and supported by separate witnesses. Further, any possible prejudice in trying the charges together could be mitigated by jury instructions. *State v. Gensler*, 266 Or App 1, 9, 337 P3d 890 (2014), *rev den*, 356 Or 690 (2015). On this record, we conclude that the trial court correctly concluded that the evidence of the various crimes was sufficiently simple and distinct to permit a joint trial, and that defendant has not described any case-specific substantial prejudice that would preclude a joint trial. *Delaney*, 370 Or at 556.

Defendant also argues that the denial of his motion to sever violated his right to due process because it denied him a fair trial. In support of that argument, defendant attempts to show substantial prejudice by reiterating the arguments noted above. For the same reasons stated above, those arguments fail. *State v. Crummett*, 274 Or App 618, 623, 361 P3d 644 (2015), *rev den*, 359 Or 525 (2016) (the defendant's failure to demonstrate substantial prejudice also defeated his due process argument).

Defendant's sixth assignment of error challenges the denial of his motion for mistrial after the jury inadvertently heard defendant reference his refusal to take a polygraph during a recording of his police interview. Although the court acknowledged that the jury should not have heard that information, it concluded that an instruction was sufficient to cure any resulting prejudice. On appeal, defendant argues that his reference to his having refused a polygraph was prejudicial, because it was akin to a comment on his invocation of the right to silence.

Evidence commenting on an invocation of the right to silence is prejudicial only when it raises the impermissible inference that a defendant invoked the right *because of guilt*. *State v. Sprow*, 298 Or App 44, 53, 445 P3d 351 (2019). Here, throughout the interview process, defendant professed his innocence and never implied that he was guilty and, therefore, no guilt was implied by the refusal and could not be inferred by the jury. We also note that in *State v. Farrar*, 309 Or 132, 164, 786 P2d 161, *cert den*, 498 US 879 (1990), the Supreme Court held that a passing reference to a polygraph examination is not so prejudicial as to require a mistrial when it does not suggest the result of the examination, such as in this case. In view of *Farrar* and *Sprow*, we reject defendant's sixth assignment of error.

Affirmed.