570 March 27, 2024 No. 184

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DARNELL ROSS,
*Defendant-Appellant.*

Beaverton Municipal Court
2210863; A180024

Edward A. Kroll, Judge.

Submitted February 26, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

## ORTEGA, P. J.

Defendant appeals from a judgment of conviction for second-degree criminal trespass, ORS 164.245. He pleaded no contest to that charge and the trial court, after accepting his plea, sentenced defendant in accordance with the parties' agreement. After the court pronounced sentence, defendant sought to speak to the court, and when he became verbally abusive, the court "muted" defendant and concluded the hearing. Defendant assigns error to the trial court's decision to "mute" him, arguing that the court violated his right to allocution.[1] Under the circumstances, we conclude that the court did not err and affirm.

Article I, section 11, of the Oregon Constitution provides a criminal defendant the right "to be heard by himself and counsel." A defendant's right "to be heard by himself" refers to the right of allocution. *State v. Guzek*, 358 Or 251, 278-79, 363 P3d 480 (2015). That right provides defendants with an opportunity to personally make a case for sentencing mitigation. *Id.* at 279. Denying a defendant the right to make a statement before sentencing violates the allocution right. *State v. Isom*, 201 Or App 687, 693-94, 120 P3d 912 (2005). Specifically, Article I, section 11, provides a defendant "the right of allocution *before* the imposition of sentence." *State v. Southards*, 172 Or App 634, 639, 21 P3d 123 (2001) (emphasis added). Once the court has pronounced the sentence, the time to make the case for leniency in sentencing has passed, and thus there is no further purpose for allocution.

Here, after engaging in a colloquy with defendant to determine whether his plea was knowing, intelligent, and voluntary, the court accepted his no contest plea and the following exchange occurred:

---

[1] Although the record is not clear on this point, it seems that defendant appeared at the hearing remotely via a videoconferencing link. The date of the hearing, August 19, 2022, places it during a time when some hearings were held remotely in criminal cases due to the COVID-19 pandemic. The notice of the hearing that was sent to defendant's attorney specified a courtroom at the courthouse, but the notice that was directed to defendant personally did not specify a courtroom. Both notices contained generic directions for how to attend a hearing remotely. Thus, we understand the court's references to defendant being "muted" as meaning that the audio portion of defendant's stream to the courtroom was stopped.

"THE COURT:   All right. I'll find that's made intelligently, voluntarily and knowingly.

"And, [defendant], I assume you gave *** your Defense Attorney[] permission to put your signature on this Plea Petition; is that correct, sir?

"THE DEFENDANT:   You know, I had a question for you, man. Who will you get to—Your Honor, I had a question for you.

"THE COURT:   You can certainly ask, sir. I'm not sure I'll be able to answer, but you are welcome to ask.

"THE DEFENDANT:   Oh, oh, oh, yes, you will, you'll be able to answer it.

"So when you get done, I have a question for you, too.

"THE COURT:   All right. We'll continue, sir, and you can answer [*sic*] your question when it's appropriate.

"*****

"All right. So, [defendant], I do find you guilty, based on your plea, of Criminal Trespass in the Second Degree. I will follow the agreed-upon sentence. First, that the cases ending in 978 and 904 are dismissed.

"And in this case your sentence will be 10 days in jail with credit for time served. It appears you've already served an excess of that. And you have no other holds, sir. So most likely you'll be released later today.

"I will waive all finances and you do not have a probation on this case, so you are essentially free to go, as far as our court is concerned right now.

"THE DEFENDANT:   So, can I say what I've got on my mind to say now?

"THE COURT:   You may.

"THE DEFENDANT:   I'm depressed. I went to jail for a day. I went to jail for a day, I've got jail for a day, and I've got MAX for a day. That's one.

"Number two, I don't appreciate you ever fuckin' tell me that I am incompetent. I am incompetent. You don't know what the fuck I'm doing. Wait. Hold on.

"THE COURT:   Okay. Let's go ahead and mute him.

"THE DEFENDANT:   Wait. Hold on for a minute. I'm not convicted. I've got a fuckin' high school diploma.

"THE COURT:  Okay. So, sir, you've been muted. Thank you. For your comments. Your case is done, and you are free to go."

At the time when an allocution would have been appropriate, defendant did not indicate that he wished to make an allocution. He stated that he wanted to ask the court a question, to which the court was receptive; it told defendant he was "welcome to ask." Defendant instead told the court that his question could wait. The court then pronounced sentence. At the time that it became clear that defendant wished to make a statement and not merely ask the court his question, sentencing had already occurred.

Although the court was not required to, the court allowed defendant to make a statement until defendant began berating the court using abusive language. The court did not have to allow defendant to continue to speak because the time for an allocution had passed, and because defendant was speaking to the court in a way that the court had authority to curb. *See, e.g.*, *State v. Rogers*, 330 Or 282, 300, 4 P3d 1261 (2000) ("It is well established that a trial court generally possesses broad discretion to control the proceedings before it."); ORS 1.010 (every court has power to preserve and enforce order in its presence; to provide for orderly conduct of proceedings; to control the conduct of persons connected with a judicial proceeding before it).

Under these circumstances, it was not reversible error for the court to order the audio portion of defendant's audio-visual stream to be muted.

Affirmed.