794 July 17, 2024 No. 496

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BENITO JUAREZ-HERNANDEZ,
*Defendant-Appellant.*

Washington County Circuit Court
19CR34942, 19CR61978; A180096 (Control), A180097

Theodore E. Sims, Judge.

Submitted May 14, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

In this consolidated criminal appeal, defendant appeals a judgment of conviction for various sex crimes. In his only assignment of error, defendant contends that the trial court plainly erred in denying his right of allocution because he did not speak at his sentencing hearing. Because defendant had the opportunity to speak at the hearing, we affirm.

The pertinent facts are undisputed. Defendant was convicted of various child sex abuse crimes. In two cases, consolidated for appeal, defendant previously argued to this court that the trial court erred in concluding that one of the sexual abuse verdicts should have run concurrently, rather than consecutively, with one of the counts of using a child in a display of sexually explicit conduct. *State v. Juarez-Hernandez*, 319 Or App 423, 424, 510 P3d 981, *rev den*, 370 Or 197, 514 P3d 1116 (2022). We agreed and remanded for resentencing. *Id.*

During that resentencing hearing, defense counsel described the shorter sentences given to the other defendants in the case and argued that the trial court should impose a sentence "more in line" with those sentences. After she articulated defendant's position, defense counsel concluded by saying "[o]ther than that, Your Honor, I have nothing further." The state argued its position, and the trial court imposed defendant's sentence. On appeal, defendant contends that the trial court erred by denying him an opportunity to address the court.

Defendant acknowledges that the alleged error is unpreserved but requests plain error review. "For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Whether a court violated a defendant's right to allocution is reviewed for legal error. *State v. Rogers*, 330 Or 282, 305-08, 4 P3d 1261 (2000).

Under Article I, section 11, of the Oregon Constitution, an accused defendant in a criminal prosecution has "the

right * * * to be heard by himself and counsel[.]" That right of allocution extends to sentencing hearings. *State v. Rickard*, 225 Or App 488, 491, 201 P3d 927 (2009).

In this case, any error is not plain. At resentencing, defense counsel never indicated that defendant wanted to address the trial court, which is the exact opposite of what occurred at defendant's first sentencing. Indeed, at defendant's first sentencing, defense counsel stated that "I believe that [defendant] wanted to make a brief statement." At the resentencing hearing at issue, however, defense counsel stated only that they had "nothing further" to say. Because defendant did not in any way indicate to the court that he wished to speak, nor does he now argue that the right cannot be exercised by counsel, the court did not deny him the right of allocution. *See State v. Fern*, 110 Or App 185, 187, 822 P2d 1210 (1991) (explaining that when nothing in the record indicates that a defendant wished to speak, there is no error for this court to review); *see also State v. Ross*, 331 Or App 570, 573, 546 P3d 960 (2024) (explaining that the court did not deny defendant's right to speak because he did not indicate that he wished to make an allocution until after he was sentenced). Accordingly, the trial court did not plainly err.

Affirmed.