244 February 26, 2025 No. 154

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GREGORY THOMAS BURNS,
*Defendant-Appellant*.

Washington County Circuit Court
22CR28541, 22CR29930; A183030 (Control), A183033

Andrew Erwin, Judge.

Submitted January 10, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Remanded for resentencing in Case No. 22CR28541 and Case No. 22CR29930; otherwise affirmed.

**EGAN, J.**

In this consolidated appeal, defendant challenges two judgments revoking probation.  Defendant argues that the trial court erred by cutting short his allocution. We agree. We remand for resentencing and otherwise affirm.[1]

A defendant has a constitutional right to speak before sentencing. *DeAngelo v. Schiedler*, 306 Or 91, 93-96, 757 P2d 1355 (1988). Nevertheless, a trial court may prevent a defendant from making irrelevant statements, or ones that are unduly repetitive or unnecessarily detailed. *State v. Ball*, 362 Or 807, 817, 416 P3d 301 (2018). A trial court may also silence a defendant who uses verbally abusive language toward the court. *State v. Ross*, 331 Or App 570, 573, 546 P3d 960 (2024).

Here, at a probation violation hearing in two cases, the trial court initially allowed defendant to speak, but the court interrupted him when he quoted a vulgar email. Defendant indicated that he would move on to another topic, but the trial court did not allow defendant to continue. Under those circumstances, the state concedes that the trial court violated defendant's right of allocution. We agree with and accept the state's concession. The appropriate remedy is to remand for resentencing. *Ball*, 362 Or at 823.

Remanded for resentencing in Case No. 22CR28541 and Case No. 22CR29930; otherwise affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.