Argued and submitted August 31, 2021; convictions on Counts 9, 10, 19, 26, and 28 reversed and remanded, remanded for sentencing, otherwise affirmed January 5, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CUPERTINO JUAREZ-HERNANDEZ,
*Defendant-Appellant.*

Washington County Circuit Court
19CR24766, 19CR34886;
A173492 (Control), A173494

503 P3d 487

Defendant was convicted of sexual crimes against four children. On appeal, he seeks reversal of all 25 convictions, based on the trial court erroneously instructing the jury that it could return nonunanimous guilty verdicts. Five of the guilty verdicts were nonunanimous. Alternatively, defendant challenges his 12 convictions for sexual crimes against one of the victims, E, based on alleged evidentiary error. The trial court ruled that, under OEC 803(18a)(b), hearsay statements regarding abuse that E made when E was a child were admissible at defendant's trial, even though E was no longer a child when he testified at trial. Defendant contends that, as a matter of statutory construction, such statements are admissible only when the child declarant is still a child at the time of trial. *Held*: The jury instruction was erroneous under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), and defendant is entitled to reversal of the five convictions that are based on nonunanimous guilty verdicts. However, the instructional error was harmless as to the 20 counts on which the jury returned unanimous guilty verdicts. As for the evidentiary ruling, the trial court correctly construed OEC 803(18a)(b) as allowing admission of a child declarant's hearsay statements regarding abuse if the declarant testifies at trial and is subject to cross-examination, without regard to the declarant's age at the time of trial.

Convictions on Counts 9, 10, 19, 26, and 28 reversed and remanded; remanded for sentencing; otherwise affirmed.

D. Charles Bailey, Jr., Judge.

Frances J. Gray argued the cause and filed the briefs for appellant.

Jonathan N. Schildt, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Aoyagi, Judge, and Armstrong, Senior Judge.

AOYAGI, J.

Convictions on Counts 9, 10, 19, 26, and 28 reversed and remanded; remanded for sentencing; otherwise affirmed.

**AOYAGI, J.**

Defendant was convicted of 25 sexual offenses against four children. On appeal, he raises six assignments of error related to the Sixth Amendment jury unanimity requirement recognized in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). He raises a seventh assignment of error challenging the admission under OEC 803(18a)(b)[1] of hearsay statements by one of the victims, E, who was 17 years old when he made the statements but 18 years old when he testified at trial. For the reasons explained below, we reverse defendant's five convictions based on nonunanimous jury verdicts and otherwise affirm.

## NONUNANIMOUS GUILTY VERDICTS

This is a consolidated case in which the jury returned unanimous guilty verdicts on 20 counts and nonunanimous guilty verdicts on five counts.

Defendant asserts that the trial court violated the Sixth Amendment by instructing the jury that it could find him guilty by nonunanimous verdict, by accepting the jury's guilty verdicts after giving that instruction, and by sentencing him on the resulting convictions. As the state concedes, the trial court erred by instructing the jury that it could return nonunanimous guilty verdicts, and defendant is entitled to reversal of those convictions that are based on nonunanimous verdicts. *See Ramos*, 590 US at ___, 140 S Ct at 1390 (holding that, under the Sixth Amendment, a criminal defendant may be convicted of a serious offense only by unanimous verdict). We therefore reverse defendant's convictions on Counts 9, 10, 19, 26, and 28. However, we reject defendant's argument as to the convictions for which the jury returned unanimous verdicts. *See State v. Flores Ramos*, 367 Or 292, 334, 478 P3d 515 (2020) (holding that error in instructing jury that it could find the defendant guilty by nonunanimous verdict was harmless, where a jury poll showed that the verdict was unanimous); *State v. Kincheloe*, 367 Or 335, 339, 478 P3d 507 (2020), *cert den*, ___ US ___, 141 S Ct 2837, 210 L Ed 2d 951 (2021) (holding that

_____

[1] All references to OEC 803 are to the current version, unless otherwise noted.

*Flores Ramos* applies equally to preserved claims of instructional error).

## EVIDENTIARY ISSUE UNDER OEC 803

Twelve of defendant's convictions are for abuse of E. The trial court admitted as evidence at trial certain out-of-court statements by E, relying on OEC 803(18a)(b), an exception to the hearsay rule. Defendant contends that it was error to do so because that exception does not apply here. Our review is for legal error. *Sherman v. State of Oregon*, 303 Or App 574, 578, 464 P3d 144 (2020).

The relevant facts are minimal. In April 2019, E, aged 17, called 9-1-1 and reported that defendant, who is E's uncle, had been sexually abusing him since first grade. In the resulting investigation, E's older brother and two younger sisters also reported being sexually abused by defendant. Defendant was indicted on numerous charges. Before trial, the state filed a notice of intent to introduce hearsay statements of E and his two younger sisters under OEC 803(18a)(b). That exception to the hearsay rule, as relevant here, allows admission of out-of-court statements made by a "child declarant" concerning acts of sexual abuse, if "the declarant" testifies as a witness at trial and is subject to cross-examination. OEC 803(18a)(b), (d).

Defendant challenged the admissibility of E's statements, arguing that the exception did not apply because E had turned 18 years old since making the statements. In defendant's view, hearsay statements of a "child declarant" are admissible under OEC 803(18a) only if the declarant is still a child at the time of trial, when he or she testifies as a witness and is subject to cross-examination. The state disagrees, arguing that the trial court correctly construed OEC 803(18a) as turning on the age of the declarant when the statements were made, regardless of the declarant's age when testifying at trial.

On questions of statutory construction, we seek to ascertain the intent of the legislature by examining the disputed provision's text and context, as well as any helpful legislative history. *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009). Text and context "must be given primary

weight in the analysis," because only the text "receives the consideration and approval of a majority of the members of the legislature," and "[t]he formal requirements of lawmaking produce the best source from which to discern the legislature's intent." *Id*. at 171.

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." OEC 801(3). Hearsay is generally inadmissible. OEC 802 ("Hearsay is not admissible except as provided in [OEC 801] to [806] or as otherwise provided by law."). However, some out-of-court statements offered for their truth are expressly excluded from the definition of hearsay. *See* OEC 801(4). There also are dozens of exceptions to the hearsay rule, including the exception in OEC 803(18a)(b).

The text of OEC 803(18a) is quite long, so we describe it, rather than quote it in full. The hearsay exception in subsection (18a)(b) applies in all civil, criminal, and juvenile proceedings. OEC 803(18a)(c). It allows the admission of hearsay statements concerning certain acts: acts of abuse as defined in ORS 107.705 or ORS 419B.005, including child sexual abuse;[2] acts of abuse of an elderly person as defined in ORS 124.050; and specified criminal acts against a person aged 65 or older. OEC 803(18a)(b). It applies to "a child declarant, a declarant who is an elderly person as defined in ORS 124.050[,] or an adult declarant with a developmental disability." OEC 803(18a)(d). It applies only if *either* the declarant "testifies at the proceeding and is subject to cross-examination," *or* the declarant "is unavailable as a witness" and certain criteria are met. OEC 803(18a)(b).

Regarding unavailable witnesses, a declarant is "unavailable" as provided in OEC 804 or if the declarant "is presently incompetent to testify," substantially lacks memory of the subject matter, is unable to communicate about the abuse due to fear or the like, or is substantially likely

---

[2] *See* ORS 419B.005(1) (defining "abuse" to include, *inter alia*, rape of a child, sodomy of a child, unlawful sexual penetration of a child, and sexual abuse of a child); ORS 107.705(1)(c) (defining "abuse" to include, *inter alia*, causing a family member "to engage in involuntary sexual relations by force or threat of force").

to suffer lasting severe emotional trauma from testifying. OEC 803(18a)(b). If the declarant is unavailable to testify, the statement may be admitted only if the declarant was less than 12 years old (or more than 65 years old) when the statement was made *and* "the proponent establishes that the time, content and circumstances of the statement provide indicia of reliability, and in a criminal trial that there is corroborative evidence of the act of abuse and of the alleged perpetrator's opportunity to participate in the conduct and that the statement possesses indicia of reliability as is constitutionally required to be admitted." *Id*. OEC 803(18a)(b) provides a procedure for the trial court to make findings "regarding the availability of the declarant as a witness and the reliability of the statement of the declarant" and also identifies nonexclusive factors that the court may consider in determining "whether a statement possesses indicia of reliability."

With that general understanding of OEC 803(18a)(b) in mind, we turn to the specific question of whether a child declarant's age at the time of trial is relevant to admissibility under OEC 803(18a)(b).

As relevant here, OEC 803(18a)(b) provides for the admissibility of out-of-court statements by "a child declarant" concerning acts of abuse. A "child" is a person "under 18 years of age." ORS 419B.005(2). A "declarant" is "a person who makes a statement." OEC 801(2). It follows that a "child declarant" is a person under 18 years of age who makes a statement. When a child makes an out-of-court statement concerning abuse, the child becomes a "child declarant," because it is the making of the statement that makes one a "declarant." As times passes, the child declarant becomes an adult and may testify as an adult, but the child does not thereby become an *adult* declarant. The out-of-court statement remains a statement by a child declarant.[3] The text therefore supports the trial court's construction.

---

[3] Defendant contends that a "child victim" remains a child victim into adulthood but that a "child declarant" ceases to be a "child declarant" upon reaching majority. In defendant's words, "[a]lthough [E] would never lose his status as an alleged child victim, he was no longer a 'child declarant' for purposes of OEC 803(18a)(b) when he testified." This is the fundamental textual point on which we disagree with defendant.

So do context and legislative history. In enacting OEC 803(18a)(b), the legislature sought to provide for admission of out-of-court statements made by children concerning abuse. *See State v. Hobbs*, 218 Or App 298, 306, 179 P3d 682 (2008) (in enacting OEC 803(18a)(b), which made statements concerning child abuse admissible in their entirety, whereas previously only "complaints" were admissible, "[t]he legislature intended to allow the trier of fact to assess a victim's credibility by evaluating the way in which the victim disclosed the abuse"). The legislature then imposed procedural safeguards on the admission of such statements to try to ensure that the exception would pass constitutional muster, especially with respect to unavailable witnesses. *See* Tape Recording, Senate Committee on Judiciary, SB 275, Feb 27, 1989, Tape 46, Side A (Robert Reed of the Oregon Criminal Defense Board Association expresses concern that the bill as written is unconstitutional as to unavailable witnesses, while recognizing that 33 states have laws allowing admission of hearsay statements by unavailable witnesses, and Senator Hill requests help in "putting a bill together that is constitutional"); Tape Recording, Senate Committee on Judiciary, SB 275, Feb 27, 1989, Tape 47, Side A (Dale Penn of the Marion County District Attorney's Office says that the bill addresses "the concerns" of the Oregon Supreme Court and the United States Supreme Court and that the intent "was to ensure that it was constitutional").

The legislature crafted two alternative procedural safeguards to ensure constitutionality. As we have previously described it, OEC 803(18a)(b) creates "two doors," and qualifying statements are admissible if the proponent of the evidence "passes through either of those doors." *State v. Lobo*, 261 Or App 741, 753, 322 P3d 573, *rev den*, 355 Or 880 (2014).

The first door is that a hearsay statement by a child declarant concerning abuse is automatically admissible "if the declarant *** testifies at the proceeding and is subject to cross-examination." OEC 803(18a)(b). Nothing about that language suggests to us that the legislature was concerned with the declarant's age *at the time of trial*. As we said in a different context in *Lobo*, 261 Or App at 754, "the statute provides only two conditions to unlock the first door of admissibility: that the declarant 'testifies at the proceeding'

and 'is subject to cross-examination.'" There is also at least some contextual indication that the legislature was not concerned, for purposes of admissibility, with the declarant's age at the time of trial. OEC 803(24) provides a special procedure for testimony to be taken outside the courtroom if the witness is "a child under 12 years of age *at the time of trial*, or a person with a developmental disability," and the court makes a particular finding. (Emphasis added.) OEC 803(24) demonstrates the legislature's ability to specify a witness's age "at the time of trial" when that is its concern.

The second door to admissibility is also relevant context. If the declarant is unavailable to testify and be cross-examined, admissibility depends on strict requirements that have nothing to do with the declarant's age at the time of trial. The declarant must have been "chronologically or mentally under 12 years of age when the statement was made." OEC 803(18a)(b). The statement also must have sufficient indicia of reliability under the circumstances in which it was made. *Id*. One factor that the trial court may consider in assessing reliability is the "age and maturity of the declarant," OEC 803(18a)(b)(B), which, in context, clearly means the age and maturity of the declarant when the statement was made, not at the time of trial. And, for admission in a criminal trial, there must be corroborative evidence. OEC 803(18a)(b)

With respect to a child declarant who is unavailable as a witness, there is simply no way to read OEC 803(18a)(b) as allowing the exclusion of otherwise admissible hearsay statements—that is, statements that were made when the declarant was under 12 years old, that are sufficiently reliable, and for which corroborative evidence exists if necessary—on the basis that the child declarant has since aged into adulthood (or aged beyond 12 years old). That being the case, it is difficult to imagine why the age of the declarant at the time of trial would limit admissibility through OEC 803(18a)(b)'s first door. It does not limit admissibility through OEC 803(18a)(b)'s second door, which is in all other regards the much narrower of the two doors.

Construing OEC 803(18a)(b) to preclude admission of the statement of a child declarant based on the declarant's

age at trial also would be at odds with the overall legislative purpose. OEC 803(18a)(b) has gone through several iterations, with the original text regarding statements about child abuse enacted in 1989 and the current text essentially adopted in 1999.[4] Nothing in the legislative history suggests that the legislature ever considered the specific situation of a child turning 18 years old between the time of making a statement and the time the statement is offered into evidence in a legal proceeding. What we do understand from the legislative history, however, is that the *substantive* focus of the legislation was to create a hearsay exception that would allow admission of out-of-court statements by children concerning abuse, with *procedural* safeguards added to ensure constitutionality. Given that purpose, it is improbable that the legislature would have been concerned with the declarant's age at the time of trial, because the declarant's age *when testifying* has no constitutional significance for the defendant's confrontation rights.

Absent confrontation rights, the admissibility of hearsay would be governed solely by the laws of evidence. *See Crawford v. Washington*, 541 US 36, 50-51, 124 S Ct 1354, 158 L Ed 2d 177 (2004).[5] Constitutional confrontation rights create a procedural safeguard to admitting such evidence, however, with the "ultimate goal" being "to ensure reliability of evidence."[6] *Id*. at 61. Under the federal

---

[4] As discussed more later, from 1989 to 1999, OEC 803(18a)(b) referred to a "child victim," and, since 1999, it has referred to a "child declarant." Other amendments have been made to OEC 803(18a)(b), before and after 1999, but only the 1999 amendments are pertinent for present purposes. The current text of OEC 803(18a)(b), with respect to child abuse, is substantively identical to the 1999 amended text.

[5] For a history of the development of confrontation rights, including how they evolved through English common law and eventually came to be included in the federal constitution and various state constitutions in the United States in the late 1700s, see *Crawford*, 541 US at 42-50. Oregon adopted its confrontation clause in 1857, "without amendment or debate." *State v. Copeland*, 353 Or 816, 827, 306 P3d 610 (2013).

[6] The general prohibition against hearsay—albeit subject to many exceptions—is also concerned with reliability. *See State v. Renly*, 111 Or App 453, 460, 827 P2d 1345 (1992) ("The rationales underlying the Confrontation Clauses and the Rule Against Hearsay are in some respects similar: Hearsay is generally unreliable, because the declarant is not available for cross-examination that could uncover inaccuracies and other factors bearing on truthfulness and trustworthiness.").

constitution, "testimonial" hearsay—*i.e.*, statements made in a police investigation, to a grand jury, in a preliminary hearing, and the like—may be tested for reliability only "in the crucible of cross-examination," whereas the states are afforded "flexibility in their development of hearsay law" as to nontestimonial hearsay. *Id*. at 61, 68. Under the Oregon Constitution, no distinction exists between "testimonial" and "nontestimonial" hearsay, because Oregon continues to follow the "*Roberts* test" that was abrogated for federal purposes in *Crawford*. *See State v. Cook*, 340 Or 530, 540, 135 P3d 260 (2006) ("Although the United States Supreme Court no longer adheres to the *Roberts* test in the context of the Sixth Amendment Confrontation Clause, we continue to use it to analyze Confrontation Clause claims under Article I, section 11, of the Oregon Constitution[.]"). That test is summarized in *Ohio v. Roberts*, 448 US 56, 66, 100 S Ct 2531, 65 L Ed 2d 597 (1980), *abrogated by Crawford*, 541 US 36 (2004), as follows:

> "[W]hen a hearsay declarant is not present for cross-examination at trial, the Confrontation Clause normally requires a showing that he is unavailable. Even then, his statement is admissible only if it bears adequate 'indicia of reliability.' Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness."

Under either approach, it has always been the case that the opportunity to cross-examine the declarant at trial is the golden ticket to admit hearsay without violating confrontation rights. *See Crawford*, 541 US at 61 (treating the "crucible of cross-examination" as the ultimate test of reliability); *Roberts*, 448 US at 66 (identifying reliability standards for when cross-examination is not available); *State v. Copeland*, 353 Or 816, 828, 306 P3d 610 (2013) ("'[T]he right to confrontation is basically a trial right. It includes both the opportunity to cross-examine and the occasion for the jury to weigh the demeanor of the witness.'" (Quoting *Barber v. Page*, 390 US 719, 725, 88 S Ct 1318, 20 L Ed 2d 255 (1968).)); *State v. Mack*, 337 Or 586, 593 n 6, 101 P3d 349 (2004) (under *Crawford*, if the defendant has an opportunity

to cross-examine the declarant at trial, then admission of testimonial hearsay does not offend the Sixth Amendment). For purposes of admitting a hearsay statement by a child declarant, the opportunity to cross-examine the declarant at trial would necessarily protect the defendant's confrontation rights, regardless of the declarant's age when testifying.[7]

Having explained the various analytical points in favor of the trial court's construction of OEC 803(18a)(b), we now address defendant's remaining arguments that we have not expressly or implicitly addressed. Defendant's strongest argument for his proposed construction is the pre-1999 text of OEC 803(18a)(b). *See Harris and Harris*, 349 Or 393, 402, 244 P3d 801 (2010) ("[T]he context of a statutory provision, including its prior versions, is helpful in determining its reach."). Prior to 1999, OEC 803(18a)(b) referred to a "child victim" (rather than a "child declarant") and provided for "the child" (rather than "the declarant") to testify or be examined for unavailability. *See, e.g.*, *former* OEC 803(18a)(b) (1989); *former* OEC 803(18a)(b) (1997). The 1999 amendments changed that language to the current text. *See* Or Laws 1999, ch 945, § 1; *see also State v. Juarez-Hernandez*, 316 Or App at 749 n 4 (summarizing amendment history).

Defendant points to the pre-1999 text, regarding "the child" testifying or "the child" being unavailable, to argue that the declarant must be a child both when the statement is made and at the time of trial. Although we agree with defendant that the pre-1999 text is more susceptible to his proposed construction than the current text, we do not view the pre-1999 text as determinative. As previously mentioned, nothing in the legislative history suggests that the legislature ever actually considered the scenario of a child aging into adulthood between the time of making a statement and the time of trial. Notably, the 1989 legislation was at least partially in response to *State v. Campbell*, 299 Or 633, 641, 705 P2d 694 (1985), which addressed an out-of-court statement by a three-year-old child regarding sexual abuse. *See* Tape Recording, Senate Committee on Judiciary,

---

[7] Of course, the declarant must be competent to testify, but OEC 803(18a)(b) already accounts for that issue. *See* OEC 803(18a)(b) (a declarant who is "presently incompetent to testify" is "unavailable" as a witness).

SB 275, Feb 27, 1989, Tape 47, Side A (describing *Campbell* as an "invitation" from the Oregon Supreme Court to create a new hearsay exception); *State v. Renly*, 111 Or App 453, 459-60, 827 P2d 1345 (1992) (discussing impetus for 1989 legislation). *Campbell* divides the world into "child victims" and "adult victims," and it simply assumes that a "child victim" makes for a "child witness" and that an "adult victim" makes for an "adult witness." 299 Or at 641-45. The legislature appears to have made the same assumption in 1989, leaving room for uncertainty as to the pre-1999 legislative intent.

In any event, any ambiguity in the pre-1999 text is of little assistance to defendant, because the 1999 amendments eliminated it. The primary purpose of the 1999 legislation was to expand the hearsay exception in OEC 803(18a)(b) to include statements concerning domestic violence. *See* Testimony, House Committee on Judiciary, Subcommittee on Criminal Law, HB 3395, Apr 23, 1999, Ex U (written testimony of Joel Shapiro, explaining the purpose of the bill and who was involved in its drafting); *see also*: Tape Recording, House Committee on Judiciary, Subcommittee on Criminal Law, HB 3395, Apr 28, 1999, Tape 165, Side A (Counsel John Horton summarizes that the bill "has to do with hearsay evidence and other evidence as it pertains to especially domestic violence situations"). However, to the extent there was a latent ambiguity in the existing text regarding child abuse, it was eliminated by the 1999 amendments. That may have been unintentional, insofar as there is no indication that the legislature was aware of the potential issue.[8] But the current text *is* unambiguous, focusing entirely on a "child declarant," without regard to the declarant's age at the time of trial. *See Bernard v. S. B., Inc.*, 270 Or App 710, 719, 350 P3d 460, *rev den*, 358 Or 69 (2015) (recognizing that a statutory amendment may have "clear" legal consequences, even if the legislative history is silent regarding those consequences).

Lastly, defendant points to a moment in the 1999 legislative history when Dale Penn of the Marion County

---

[8] At the time of the 1999 legislation, there had never been a published case in which a child victim's age at trial was claimed to affect admissibility under OEC 803(18a)(b). Indeed, we address the issue now, in 2021, as one of first impression.

District Attorney's Office referred to a "child witness." *See* Tape Recording, Senate Committee on Judiciary, HB 3395, June 16, 1999, Tape 241, Side A. Defendant takes that remark out of context. Penn was responding to a specific concern occasioned by the structure of the proposed amendments— with subparagraph (18a)(b) referring generally to a "statement by a person" and separate subparagraph (18a)(d) limiting application to child declarants and adult declarants with developmental disabilities.[9] A representative of the Oregon Defense Lawyers Association asserted that using "any person" language in subparagraph (18a)(b) would allow admission of hearsay statements by an "adult victim," such as if a "man were charged with raping his girlfriend or his wife." *Id.* Penn was emphatic that that was not the case. He stated that he was "very concerned that the Committee not be confused the provision about the child witness is in some way an expanded hearsay exception that involves adults," and he explained that the exception was limited "to a child declarant or an adult declarant with developmental disabilities." *Id.* We do not view Penn's passing reference to a "child witness," in that context, as supporting defendant's construction of OEC 803(18a)(b).

Ultimately, even if we were fully convinced of defendant's construction of the pre-1999 version of OEC 803 (18a)(b), our task is to construe the *current* version of OEC 803(18a)(b). The current version applies to "child declarants" and contains no reference, express or implied, to the age of the declarant at the time of trial. We do not see a plausible way to read the current version as applying only to child declarants who are less than 18 years old at the time of the legal proceeding at which their hearsay statements are offered. Doing so would require reading words into the statute that are not there. *See* ORS 174.010 ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted * * *."). We are unpersuaded that the pre-1999 text of OEC 803(18a)(b) permits, let alone

---

[9] Elderly declarants were added to OEC 803(18a)(d) two years later, in 2001, along with the elder abuse and related provisions now in OEC 803(18a)(b).

compels, a construction of current OEC 803(18a)(b) that is not supported by its plain text. *See Gaines*, 346 Or at 172-73 ("[A] party seeking to overcome seemingly plain and unambiguous text with legislative history has a difficult task before it.").

In sum, we agree with the trial court's construction of OEC 803(18a)(b). The trial court did not err in admitting the challenged hearsay statements by E, who was a child when the statements were made.

Convictions on Counts 9, 10, 19, 26, and 28 reversed and remanded; remanded for sentencing; otherwise affirmed.