538                December 13, 2023                No. 656

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHANE AARON AKINS,
*Defendant-Appellant.*

Clackamas County Circuit Court
18CR78427; A176701

Todd L. Van Rysselberghe, Judge.

Argued and submitted June 5, 2023.

Anne Kimiko Fujita Munsey, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Robert M. Wilsey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

Defendant appeals from a judgment of conviction after a jury found him guilty of two counts of first-degree sodomy and three counts of first-degree sexual abuse. He assigns error, first, to the trial court's denial of his motion *in limine* to exclude "[a]ny evidence regarding delayed reporting as it relates to child sexual abuse," arguing that the testimony was impermissible vouching, and, in three combined assignments of error, asserts that the trial court erred in admitting certain hearsay statements made by the victim. As we will explain, we affirm.

We review whether a witness's statement constitutes impermissible vouching for errors of law. *State v. Sperou*, 365 Or 121, 128, 442 P3d 581 (2019). Likewise, we review a trial court's decision to admit hearsay evidence under OEC 803(18a)(b) for errors of law. *State v. Lamb*, 161 Or App 66, 69, 983 P2d 1058 (1999).

At trial, defendant sought to exclude the testimony of Jennifer Wheeler, a forensic interviewer employed by Child Abuse Response and Evaluation Services (CARES), arguing that the testimony constituted impermissible witness vouching. Specifically, defendant objected to Wheeler's testimony that delayed reporting by victims of sexual abuse is a typical phenomenon that is not indicative of fabricated allegations. Defendant also sought to exclude text messages and statements made by the victim, arguing that the OEC 803(18a)(b) hearsay exception for child declarants does not apply when the declarant is an adult at the time of trial.

Defendant argues on appeal that the Supreme Court's decision in *State v. Perry*, 347 Or 110, 218 P3d 95 (2009), which held that expert testimony about delayed reporting is admissible to rebut a defense theory that the victim's delay in reporting indicates fabrication, does not apply when the defense does not advance that theory. But we rejected that argument in *State v. White*, 252 Or App 718, 288 P3d 985 (2012), where we held that expert testimony about delayed reporting is admissible to counter a possible inference, made by the jury absent an explicit theory advanced by the defense, that the victim's delay in reporting

indicates fabricated allegations. To the extent that defendant now argues that *White* was wrongly decided and distinguishable from this case, we reject those arguments.

In the alternative, defendant argues that Wheeler's testimony was nonetheless inadmissible because it was impermissible vouching. We disagree.

Experts may provide "not only *general* testimony about" the typical behavior of abuse victims, but also "testimony as to whether the *particular complainant's* conduct was consistent with that general [behavior]." *State v. Remme*, 173 Or App 546, 558, 23 P3d 374 (2001) (emphasis in original). Expert testimony becomes impermissible vouching only when it is "either a direct comment * * * or tantamount to a direct comment on the credibility of a witness." *State v. Beauvais*, 357 Or 524, 545, 354 P3d 680 (2015).

Here, Wheeler's testimony made no assertion regarding the victim's credibility. Indeed, Wheeler did not discuss the victim in her testimony at all. Wheeler merely described the general principles of delayed reporting without offering an opinion as to whether the victim's behavior here matched with that description. *Cf. State v. Middleton*, 294 Or 427, 433 n 6, 657 P2d 1215 (1983) (holding that expert testimony that a victim's behavior was "very typical" was not vouching.) Nor did Wheeler indicate that such a delay was evidence that the abuse did occur or that the victim was credible. *See State v. Brand*, 301 Or App 59, 67, 455 P3d 960 (2019), *rev den*, 366 Or 259 (2020), (holding that a witness's testimony was impermissible vouching where it indicated that the victim delayed reporting out of fear, thereby signaling the witness's belief that the victim was truthful). And, contrary to defendant's assertion, the fact that the victim's circumstances closely mirrored the general principles Wheeler described did not indicate whether Wheeler did or did not believe the victim. Thus, the trial court did not err by denying defendant's motion to exclude that testimony.

In defendant's combined second, third, and fourth assignments of error, he asserts that out-of-court statements made by the victim when she was a minor were not admissible under OEC 803(18a)(b) because she was an adult

at the time of trial. Defendant's argument is foreclosed by our decision in *State v. Juarez-Hernandez*, 316 Or App 741, 503 P3d 487, *rev den*, 369 Or 856 (2022), which rejected similar arguments. We therefore reject defendant's arguments here.

Affirmed.