286 April 24, 2024 No. 276

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CUPERTINO JUAREZ-HERNANDEZ,
*Defendant-Appellant.*

Washington County Circuit Court
19CR24766, 19CR34886; A179976 (Control), A179977

D. Charles Bailey, Jr., Judge.

Submitted March 12, 2024.

Frances J. Gray filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Joyce, Presiding Judge, Lagesen, Chief Judge, and Jacquot, Judge.

JOYCE, P. J.

Remanded for resentencing; otherwise affirmed.

**JOYCE, P. J.**

In this consolidated appeal, defendant appeals from two judgments of conviction for multiple sex crimes. Defendant argues that the trial court plainly erred in imposing a 300-month sentence for one of those convictions, first-degree sodomy. We agree with defendant that the court plainly erred and as explained below, exercise our discretion to correct the error. Doing so obviates the need to address defendant's second, third, and fourth claims of error, which all relate to the imposition of a fine.

This is defendant's second appeal. The first involved challenges to nonunanimous convictions and a challenge to the admission of hearsay statements. We reversed those nonunanimous convictions, remanded to the trial court for resentencing on the remaining convictions, and otherwise affirmed. *State v. Juarez-Hernandez*, 316 Or App 741, 743, 503 P3d 487, *rev den*, 369 Or 856 (2022). On remand, the state dismissed the charges that resulted in nonunanimous verdicts. The court then proceeded to resentence defendant on the remaining convictions. On Count 13, first-degree sodomy, the trial court imposed a 300-month sentence. The parties agree, however, that a conviction for first-degree sodomy under ORS 163.405(1)(d) is not subject to sentencing under ORS 137.700(2)(b)(E)—which provides for a mandatory minimum sentence of 300 months—but, instead, is controlled by ORS 137.700(2)(a)(M), which provides for a mandatory minimum sentence of 100 months. Although defendant did not object to the sentence, we conclude that the error is plain, inasmuch as the error is one of law and it is obvious on the face of the record. *State v. Reyes-Camarena*, 330 Or 431, 435, 7 P3d 522 (2000).

We further agree with defendant that this is an appropriate case in which to exercise our discretion. The error, as defendant observes, is grave, inasmuch as the sentence imposed significantly exceeds the permissible sentence. *See Ailes v. Portland Meadows*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (considering the gravity of the error and ends of justice in exercise of discretion).

To be sure, as the state observes, below, the parties agreed that the trial court could impose the same aggregate

sentence that it had originally, up to 660 months. Thus, on remand, the court may impose an aggregate sentence that results in the same amount of prison time. We disagree, however, that that possibility militates against our exercise of discretion. *See, e.g.*, *State v. Saechao*, 256 Or App 369, 374, 300 P3d 287 (2013) (exercising discretion to correct sentencing error where it was possible, but not certain, that the trial court could impose a similar sentence).

Remanded for resentencing; otherwise affirmed.