534                      August 6, 2025                      No. 718

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID EDWARD ZIMMERMAN,
*Defendant-Appellant.*

Clackamas County Circuit Court
22CR40570; A182589

Cody M. Weston, Judge.

Submitted June 17, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction for four counts of first-degree sexual abuse, which was entered after a jury trial.[1] He raises two assignments of error in which he contends that the trial court plainly erred when it (1) failed to strike testimony from the forensic interviewer that she did not have any concerns that the allegations were the product of suggestibility, and (2) admitted expert testimony describing the phenomenon of delayed reporting of sexual abuse. We affirm.

We provide background facts to provide context for our decision. Defendant's victim is his granddaughter, K. The abuse occurred when K was between the ages of five and nine years old, and K disclosed the abuse to her mother when she was 12 years old. Mother told K that she had been through something similar with her own grandfather. As part of the investigation, K was interviewed by a forensic interviewer at The Children's Advocacy Center. Defendant was charged by indictment with six counts of first-degree sexual abuse, ORS 163.427. At the jury trial, defendant denied the allegations that had been made and argued that the abuse did not happen. The jury found defendant guilty of four counts and acquitted him on two counts. Defendant appealed.

Neither of defendant's asserted errors are preserved. To reach an unpreserved error as plain error, we must determine that the claimed error is (1) one of law; (2) obvious and not reasonably in dispute, and (3) apparent on the face of the record. *State v. Chitwood*, 370 Or 305, 311, 518 P3d 903 (2022). "If those requirements are satisfied, the second step is to decide whether to exercise discretion to consider the error." *Id*.

In defendant's first assignment of error, he contends that the trial court plainly erred when it failed to *sua sponte* strike testimony by the forensic interviewer, Jessica Munyon, that she did not have any concerns that the allegations by K were the product of suggestibility. Defendant

---

[1] Defendant was acquitted on two additional counts of first-degree sexual abuse, Counts 1 and 2.

had agreed before the trial began that the prosecutor could elicit testimony that Munyon had "some training and a lot of experience on the concept of suggestibility" and that she was "trained * * * to explore for possible taint or suggestibility." During redirect questioning, the prosecutor asked Munyon, "Did you have any concerns with suggestibility from your perspective in this interview?" Munyon responded that she "did not." Defendant did not object to that testimony but seeks plain-error review of what he contends is improper implicit vouching. In response, the state argues that any error is not plain, because Munyon's testimony can be understood as giving the jury information to use in its own credibility assessment, rather than conveying a personal credibility opinion.

We review vouching issues for legal error. *State v. E. J. R.*, 341 Or App 488, 493, ___ P3d ___ (2025). "Whether a statement constitutes vouching depends on the context in which it arose and the context of how it was offered at trial." *Id*. (internal quotation marks omitted). Our "key inquiry is whether the testimony at issue directly expressed an opinion on the truth of another witness's statements or merely tended to show that another witness either is or is not telling the truth." *Id*. (internal quotation marks omitted).

> "When faced with an unpreserved claim of error regarding vouching, our first task is to assess the challenged testimony to determine whether the witness unambiguously vouched, may or may not have vouched (ambiguous), or unambiguously did not vouch. If a witness unambiguously vouched, it is plain error not to have stricken the testimony, even absent an objection. Conversely, if a witness's testimony was ambiguous * * * there is no plain error in not having stricken the testimony *sua sponte*, in part because the lack of objection prevented clarification of the testimony."

*Id*. (internal quotation marks and citations omitted).

After considering the statement in question in context, we conclude that Munyon's testimony was ambiguous in regard to vouching. The state questioned Munyon on redirect about the concept of suggestibility. Munyon testified, in part, that forensic interviewers "don't worry about suggestibility with kiddos that are teenagers. We worry about it

more for preschool age kids." She also explained that they "screen more for suggestibility in the younger kids because the research tells us that the younger kids are more suggestible. But by the time a kiddo reaches grade school age or older like, certainly, by 10, 11, 12, we're not really worried about suggestibility," and that concern for suggestibility decreases when a child provides more detail in their interview. When Munyon stated that she did not have concerns about suggestibility in the interview, it was not obvious that she was making a direct comment on whether K, herself, was suggestible. Rather, it was possible for the jury to understand that Munyon was commenting on the nature of the interview and children at different ages of development such that the jury would have the tools to assess K's suggestibility. *Cf. State v. Preuitt*, 255 Or App 215, 222-23, 296 P3d 648, *rev den*, 353 Or 868 (2013) (stating that it was improper for an expert to testify that nothing about a child made her seem particularly suggestible but distinguishing that from circumstances where an expert gives general information regarding the circumstances for suggestibility such that a jury could reach its own conclusion). Therefore, because the statement is ambiguous, any error is not obvious and not reasonably in dispute, and the trial court did not plainly err in failing to intervene. *See E. J. R.*, 341 Or App at 494, 495 (concluding that ambiguous vouching statements did not warrant correction on plain error review).

In defendant's second assignment of error, he contends that the trial court erred when it admitted expert testimony describing the phenomenon of delayed reporting of sexual abuse. He argues that evidence about delayed reporting is inadmissible as a matter of law under OEC 403 if the defendant does not argue that delayed disclosure indicates that the victim is lying. Defendant acknowledges that his challenge to the admission of that evidence is foreclosed under *State v. White*, 252 Or App 718, 288 P3d 985 (2012), but seeks plain-error review contingent on the outcome of the Oregon Supreme Court's review of our nonprecedential memorandum opinion in *State v. Akins*, 329 Or App 538 (2023), *aff'd*, 373 Or 476, 568 P3d 174 (2025). The Supreme Court had allowed review in *Akins* at the time of briefing

here, but did not issue its decision until after the briefing in this case was complete. The court concluded that

> "expert testimony that delayed reporting is common in victims of child sexual abuse can be relevant to help a jury assess the victim's credibility even if the defendant does not use the delay to challenge that credibility. Such testimony is not so unfairly prejudicial that it must be excluded unless the defendant 'opens the door' by specifically contending that the jury should infer from the delay that the allegations were fabricated. Nor is such testimony categorically inadmissible as vouching; rather, it can provide information that jurors may use to assess the victim's credibility without providing the expert's own opinion on the victim's truthfulness."

*State v. Akins*, 373 Or 476, 489-90, 568 P3d 174 (2025). Under *Akins*, it is not error as a matter of law to admit evidence of delayed reporting when a defendant does not use that evidence to challenge the victim's credibility. Therefore, there is no legal error susceptible to plain-error review here, and we reject defendant's second assignment.

Affirmed.