220 September 4, 2025 No. 791

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARCUS LOINU PAYE,
*Defendant-Appellant.*

Multnomah County Circuit Court
22CR52016; A182531

Angela F. Lucero, Judge.

Submitted June 24, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Ortega, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction for first-degree rape, ORS 163.375, and first-degree sexual abuse, ORS 163.427.[1] Defendant raises eight assignments of error. In his first assignment of error, he contends that the trial court erred by denying his motion *in limine* to exclude certain hearsay statements. The court ruled that the statements were admissible under OEC 803(18a)(b) and OEC 403.[2] Defendant argues that only the initial disclosure of abuse is admissible under that hearsay exception, and he argues that the trial court did not properly conduct an OEC 403 analysis or correctly make an OEC 403 ruling. Defendant next assigns error to the denial of his motion for a mistrial that was based on a juror riding an elevator with the complaining witness and her family. In his third through eighth assignments, defendant contends that the court plainly erred by admitting the complaining witness's hearsay statements under OEC 803(18a)(b) as statements "made by a person concerning an act of abuse," because, he argues, that hearsay exception does not apply when the declarant is an adult at the time of the trial. We conclude that defendant has not identified any reversible error. We affirm.

We address defendant's assignments of error concerning OEC 803(18a)(b) first, beginning with his third through eighth assignments of error, followed by his first assignment. Defendant's arguments about OEC 803(18a)(b) present questions of statutory construction, which we review for errors of law. *State v. Juarez-Hernandez*, 316 Or App 741, 744, 503 P3d 487, *rev den*, 369 Or 856 (2022). Finally, we

---

[1] A jury returned guilty verdicts on two additional counts—second-degree sexual abuse and third-degree sexual abuse. The trial court merged those guilty verdicts with the first-degree rape verdict and the first-degree sexual abuse verdict, respectively.

[2] OEC 803 provides that certain evidence is not excluded as hearsay under OEC 802 "even though the declarant is available as a witness[.]" Subparagraph (18a)(b) of OEC 803 creates a category of hearsay that is admissible, as relevant here, if it is "[a] statement made by a person concerning an act of abuse *** if the declarant either testifies at the proceeding and is subject to cross-examination, or is unavailable as a witness but was chronologically or mentally under" the age of 12 at the time the statement was made. For a more complete description of what is included in OEC 803(18a)(b), see *State v. Juarez-Hernandez*, 316 Or App 741, 745-46, 503 P3d 487, *rev den*, 369 Or 856 (2022)..

will address his second assignment of error, which concerns the denial of his motion for a mistrial.

For purposes of this appeal, the relevant facts are undisputed. Defendant lived with his mother, Helling, in her house. Helling's granddaughter, A, who is defendant's niece, came to stay at that house when she was 16 years old. A subsequently alleged that defendant had entered the bedroom where she was falling asleep, held her down on the bed, touched her sexually, and forcibly raped her. Defendant was charged with first-degree rape, first-degree sexual abuse, second-degree sexual abuse, and third-degree sexual abuse.

According to A, the next morning, she told Helling what had happened, and Helling put her in the shower and washed her clothes. There was evidence that A told several other people about the sexual assault—her boyfriend, her case manager at a homeless shelter, her father, a police detective, and then ultimately a doctor and a forensic interviewer at CARES Northwest. Defendant moved *in limine* to exclude A's statements to the doctor and forensic interviewer at CARES, arguing that, by the time A made the statements to them, she had already disclosed the sexual assault, and that only initial disclosures of abuse were admissible under OEC 803(18a)(b). Defendant also asked that the evidence be excluded under OEC 403 as cumulative.

The trial court denied the motion.

In defendant's third through eighth assignments of error, he contends that OEC 803(18a)(b) does not apply when the complaining witness is an adult at the time of trial and that, therefore, the trial court plainly erred by admitting a number of hearsay statements under that exception. That issue has been resolved contrary to defendant's position. *State v. Akins*, 373 Or 476, 503, 568 P3d 174, 191 (2025) ("that hearsay exception was intended to apply to out-of-court statements made by a person who was a child when she made the statements *** who testifies and is available for cross-examination at trial, even if the person is no longer a child when she testifies"); *Juarez-Hernandez*, 316 Or App at 745-46. In *Atkins*, the Supreme Court, applying the familiar statutory construction method set out in *State v. Gaines*,

346 Or 160, 172, 206 P3d 1042 (2009), concluded that the text and context of OEC 803(18a)(b) applies to make admissible statements made by a child declarant if the declarant testifies at trial, regardless of the declarant's age at the time of trial. *Atkins*, 373 Or at 503-04. The trial court did not err by admitting the evidence under OEC 803(18a)(b).

We turn next to defendant's first assignment of error, which involves construing that same hearsay exception. Defendant assigns error to the trial court's denial of his motion *in limine* to exclude the victim's prior statements concerning abuse that were made to forensic interviewers at CARES. Defendant contends that the statements were not admissible under OEC 803(18a)(b) because that hearsay exception applies only to a declarant's *initial* disclosure of abuse, not to "repeated accusations that had already been disclosed." He also argues that the statements should have been excluded under OEC 403 because their probative value was substantially outweighed by the avoidance of needless presentation of cumulative evidence.

We begin with defendant's hearsay-exception argument, which relies on our construction of OEC 803(18a)(b) in *State v. Hobbs*, 218 Or App 298, 179 P3d 682 (2008), where we considered whether a child's writings in her journal qualified as "statement[s] *** concerning an act of abuse" such that the hearsay exception in OEC 803(18a)(b) applied. We concluded that the legislature intended to create a broad exception that would include a "child's whole expression of the abuse and how she's related that to other people." *Id*. at 306. We also stated that, "[t]he legislature intended to allow the trier of fact to assess a victim's credibility by evaluating the way in which the victim *disclosed* the abuse." *Id*. (emphasis added). Focusing on the word "disclosed" and another statement from the legislative history about the way in which a child "reveals" information about their abuse, defendant argues that the hearsay exception in OEC 803(18a)(b) was intended to apply only when a child makes an *initial* report of abuse. That is, defendant's argument is that a "disclosure" "reveals" something that was previously unknown, but once it has been revealed, it is no longer being revealed or disclosed when the declarant makes further statements

about it. But *Hobbs* was not about that issue, and defendant places undue weight on the particular way we described the statute in that case and the wording of the legislative history of the statute, whereas we focus on the wording of OEC 803(18a)(b) itself as the most important expression of the legislature's intent.[3] *See, e.g.*, *State v. Eggers*, 372 Or 789, 798, 558 P3d 830 (2024) ("The best evidence of legislative intent is the words enacted into law by the legislature.").

OEC 803(18a)(b), as relevant to this issue, provides:

> "A statement made by a person concerning an act of abuse *** is not excluded by [OEC 802] if the declarant either testifies at the proceeding and is subject to cross-examination, or is unavailable as a witness but was chronologically or mentally under 12 years of age when the statement was made ***."

OEC 803(18a)(b) does not use the word "disclosure." Rather, the exception that is set forth applies to a "statement" "concerning an act of abuse." It does not specify that it applies only to the first statement concerning the abuse. In addition, we have already noted in *Hobbs* that the legislative history shows an intention to broadly allow admission of a "child's whole expression of the abuse and how she's related that to other people." 179 Or App at 306. And as defendant candidly points out, there are other portions of the legislative history that also provide evidence of that intent—that the hearsay exception in OEC 803(18a)(b) be broadly applicable to more than just initial statements—it applies to an entire history of a declarant's statements about the abuse.

For example, Yamhill District Attorney John Collins, who testified in 1989 in support of these provisions, expressly referred to the admissibility of "the child's initial report and subsequent reports," referred to those as "what may be the child's most candid statements," and mentioned that credibility might be discerned from how consistent a child's initial and subsequent statements are. Testimony,

---

[3] Defendant also cites a case, *State v. Solano*, 332 Or App 646, 655, 551 P3d 938, *rev allowed*, 372 Or 763 (2024), in which we discussed the meaning of "disclose" or "disclosure" in the vouching context. We do not see any relevance in examining the vouching analysis in *Solano* that concerned a word that is not part of the statute at issue here—but which we happened to use in *Hobbs*—and thus we do not further discuss *Solano*.

Senate Committee on Judiciary, SB 275, Feb 27, 1989 Ex C (statement of John H. Collins).

In arguing against a broad application of the provision, defendant quotes the Staff Measure Summary for the bill enacting OEC 803(18a)(b), which stated, "The initial report made by a child victim is generally not admissible unless it falls under an existing exception." Exhibit K, House Committee on Judiciary, SB 275A, May 30, 1989 (Staff Measure Summary). We read that statement, however, as referring to the relative lack of hearsay exceptions that might apply to a child's initial disclosure, which may be made to a parent, teacher, friend, etc., whereas subsequent disclosures might be made in a context to which "an existing exception" is more likely to apply, such as statements made for the purposes of medical treatment. *See* OEC 803(4) ("Statements made for the purposes of medical diagnosis or treatment and describing medical history \*\*\* or the inception or general character of the cause or external source thereof" are not excluded by OEC 802 even when the declarant is available as a witness.). So we understand the legislature to have intended that the hearsay exception in OEC 803(18a)(b) apply to initial disclosures, which might not be covered by other exceptions, but not that it apply *only* to those disclosures. We understand the intent of the legislature to be the creation of a hearsay exception that generally expanded the admissibility of statements made by child declarants in contexts that were not previously covered by a hearsay exception, including both initial and subsequent statements, so that the circumstances, manner, and relative consistency or inconsistency of the declarant's statements over time could aid the factfinder in assessing credibility.

In sum, OEC 803(18a)(b) is not constrained in the way that defendant posits. The legislature intended for the factfinder to have evidence of the history of the declarant's reports of abuse, including both initial reports and later reports. The text is consistent with that intention, and it is inconsistent with defendant's reading. The relevant legislative history is also consistent with the broader reading of OEC 803(18a)(b).

Defendant also argues that the trial court erred by not excluding the evidence under OEC 403, and by not

properly conducting OEC 403 balancing on the record. We review the court's ruling for abuse of discretion, and whether it applied the correct analysis or made a sufficient record of its balancing, for errors of law. *See generally State v. Anderson*, 363 Or 392, 423 P3d 43 (2018). But, as the state argues, defendant raised the issue in his motion, arguing that the evidence would be unduly cumulative and prejudicial. He reiterated the argument at the hearing on the motion, and the trial court rejected his arguments. The court noted the different context in which the statements that defendant sought to exclude were made, thus rejecting the cumulative argument. It is clear that the court considered and rejected defendant's argument that the evidence was inadmissible under OEC 403. The court was not required to make more of a record than it did. *See id.* at 409 (affirming trial court's OEC 403 ruling because "we could determine from the record that the trial court had considered and weighed [the OEC 403] factors"). And that ruling was within the bounds of its discretion.

In defendant's second assignment of error, he challenges the trial court's denial of his motion for a mistrial. The event that precipitated that motion was that a juror briefly rode in the same elevator as the victim and her family. The trial court was informed of that, and that A and her family were talking about the case when the juror got on the elevator, but that they had immediately stopped the discussion. The trial court examined the juror briefly. The juror said that she had heard someone say "he keeps saying that there's a mistrial for every little thing." The prosecutor asked if what she had heard would affect her ability to be impartial, and the juror—who is a lawyer—said she did not think so. Defense counsel said that he would not seek to remove the juror "for cause," and the trial court said it would not take any curative action. Later, defendant moved for a mistrial, and the court denied that motion. We review a trial court's denial of a motion for a mistrial for abuse of discretion. *State v. Goode*, 335 Or App 108, 123, 557 P3d 1132 (2024), *rev den*, 373 Or 280 (2025). Having reviewed the record and the parties' arguments, we conclude that the trial court did not abuse its discretion when it denied defendant's motion for a mistrial.

For those reasons, we affirm on each of defendant's assignments of error.

Affirmed.