630 April 22, 2026 No. 315

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RAAD FARMAN GHAFFOORI,
*Defendant-Appellant.*

Washington County Circuit Court
20CR69022; A183181

Theodore E. Sims, Judge.

Submitted March 3, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David Sherbo-Huggins, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Remanded for resentencing; otherwise affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for strangulation constituting domestic violence, fourth-degree assault constituting domestic violence, and harassment. He raises two claims of error on appeal. In his first, he argues that the trial court erred in admitting the hearsay statements of a child witness of abuse because, in defendant's view, the OEC 803(18a)(b) hearsay exception allows statements only of a child abuse victim. Second, he contends that the trial court erred in failing to merge the guilty verdicts for strangulation and fourth-degree assault for entry of a single conviction for strangulation. With respect to the second claim of error, the state concedes that the trial court erred. We agree and accept that concession and therefore reverse as to that basis and remand for resentencing. With respect to defendant's first claim of error, we conclude that OEC 803(18a)(b) applies to hearsay statements of both a child who witnesses abuse and a child who experiences abuse, and thus affirm the trial court's admission of the child's statements.

We review the trial court's conclusion as to whether the statements were admissible under the OEC 803(18a)(b) hearsay exception for errors of law. *See State v. Cunningham*, 337 Or 528, 538, 99 P3d 271 (2004), *cert den*, 544 US 931 (2005) ("[T]he ultimate legal issue—whether the requirements of OEC 803(2)[, the hearsay exception for excited utterances,] have been met and the hearsay statement is therefore admissible as an excited utterance—is a question of law as to which there is only one legally correct outcome."). OEC 803(18a)(b) is an exception to the hearsay rule that allows out-of-court statements by "a person" "concerning an act of abuse":

> "(b)   A statement made by a person concerning an act of abuse as defined in ORS 107.705 or 419B.005, *** is not excluded by [OEC 802] if the declarant either testifies at the proceeding and is subject to cross-examination, or is unavailable as a witness but was chronologically or mentally under 12 years of age when the statement was made[.]"

Subsection (d) provides that the rule applies to, among other people, "a child declarant."

Here, the trial court admitted the hearsay statements of the child of defendant and his wife, the victim. Defendant assaulted the victim by getting on top of her and placing both hands around her neck, applying pressure. At some point, the child came into the room and "started pulling on his dad's T-shirt[.]" The child then called 9-1-1 and reported that his dad "hit my mom." He described the victim as bleeding from her hand and that defendant had "us[ed] his hands." The victim later told medical personnel that defendant had punched and strangled her. At trial, both the victim and the child testified that they did not remember the assault. The state then sought to offer the child's statements from the 9-1-1 call under OEC 803(18a)(b).

Defendant objected, arguing that OEC 803(18a)(b) applied only to hearsay statements of child abuse victims, not to statements of children who witnessed abuse. The state disagreed that the rule was so limited. The trial court concluded that the evidence was admissible, noting that it would "apply the plain meaning of the rule" and observing that the rule states "a person" and does not otherwise limit the definition of "a person" to victims of abuse.

Defendant challenges that ruling on appeal, reprising his argument that OEC 803(18a)(b) applies only to hearsay statements of a child abuse victim. As we explain below, that position is inconsistent with the rule's text, context, and legislative history. We therefore affirm.

"On questions of statutory construction, we seek to ascertain the intent of the legislature by examining the disputed provision's text and context, as well as any helpful legislative history." *State v. Juarez-Hernandez*, 316 Or App 741, 744, 503 P3d 487, *rev den*, 369 Or 856 (2022) (citing *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009)). OEC 803(18a)(b), read with OEC 803(18a)(d), contains several prerequisites to admission of hearsay testimony about abuse:

- A "person" must make the report, where "person" includes, as relevant here, a "child declarant";

- The report must "concern[] an act of abuse"; and

- The declarant must either be subject to cross-examination or be unavailable but chronologically or mentally under the age of 12 when the statement was made.

Nowhere in those provisions is a requirement that the child be a victim of abuse, as opposed to a witness of abuse. "[A] 'child declarant' is a person under 18 years of age who makes a statement." *Juarez-Hernandez*, 316 Or App at 746. Nothing in the rule or the definition of "child declarant" limits it to a child declarant who is also a victim—as opposed to a witness—of abuse. Likewise, "a statement made by a person concerning an act of abuse" contains no limitation on the person being a victim of abuse as opposed to a witness of abuse. The only other requirement in allowing such statements is that the child declarant either be subject to cross-examination or be unavailable but under the age of 12; absent again is any requirement that the child also be the victim of the abuse. To interpret the rule as limiting child declarants to victims, as defendant proposes, would require us to insert what has been omitted, which we cannot do. ORS 174.010.

We also note that the rule uses the term "victim" in other places, including within the provision at issue. *See, e.g.*, OEC 803(18a)(b) (a statement made by a person concerning a first-degree criminal mistreatment offense "in which a person 65 years of age or older is the victim"); *see also* OEC 803(18a)(a) (same). These instances where the legislature specified that a statement's admissibility depends on whether the declarant is a victim demonstrate that the legislature knew how to limit the rule's definition of "person" to those who are victims of a crime; that the legislature specifically chose not to do so with respect to child declarants is significant. *See Emerald PUD v. PP&L*, 302 Or 256, 269, 729 P2d 552 (1986) (finding that the legislature's addition of the term "public utility district" to one provision of a statute, but not to another similar provision, indicated that the term's omission in the similar provision was deliberate).

Although we need look no further than the rule's text and context to conclude that the trial court correctly admitted the testimony at issue here, we nevertheless note

that the legislative history supports the conclusion that the rule is not limited to child abuse victims and instead includes child witnesses of abuse within the definition of "child declarant." *Gaines*, 346 Or at 171-2 ("[W]e no longer will require an ambiguity in the text of a statute as a necessary predicate to the second step—consideration of pertinent legislative history that a party may proffer."). As we explained in *Juarez-Hernandez*, before 1999, OEC 803(18a) (b) applied to statements made by "a child victim." *See* 316 Or App at 751 (describing the pre-1999 versions of OEC 803(18a)(b)). The legislature then amended the wording to make the exception applicable to a "child declarant." *See id.* That amendment demonstrates the legislature's intent to expand the definition beyond child victims to include child witnesses of abuse.

To be sure, as defendant observes, the legislative record of the amendment shows that the primary focus was to "establish a new hearsay exception to admit statements by [child] victims of domestic violence." Testimony, Senate Judiciary Committee, HB 3395, Apr 23, 1999, Ex U at 1 (statement of Joel Shapiro). Yet as defendant also observes, another proponent of the expanded language suggested that the change was broad enough to include the statements of child witnesses of domestic violence against a parent. Tape Recording, Senate Judiciary Committee, HB 3395, June 16, 1999, Tape 240, Side B (statement of Dale Penn). And although defendant urges us to look at previous changes to the rule to conclude that the legislature did not intend to "expand the scope of declarants to whom the exception applied" and instead only expanded "the scope of the proceedings in which the exception applied," our "task is to construe the *current* version of OEC 803(18a)(b)." *Juarez-Hernandez*, 316 Or App at 753 (emphasis in original). Any previous versions of the exception that have existed over time cannot compel "a construction of current OEC 803(18a) (b) that is not supported by its plain text." *Id.* at 753-54.

Remanded for resentencing; otherwise affirmed.